# Fies, *et al. v.* Rosser.

## *Bill to Remove Cloud From Title.*

(Decided May 20, 1909.    Rehearing denied June 30, 1909.
50 South. 287.)

1. *Quieting Title; Right of Action; Possession.*—One asserting a legal right to land, but not in possession thereof, cannot remove a cloud upon the title in a court of equity unless some obstacle or impediment is present which will prevent or embarrass the assertion of his rights at law.

2. *Same; Jurisdiction of Equity; Possession; Obstacle or Impediment to.*—The existence of a life estate in land and its possession by one holding under a life tenant is such an obstacle or impediment to the assertion of the legal right of the reversioner as to give him the right to maintain a bill to remove cloud upon title, though not in possession.

3. *Partition; Right to Use or Possession of Proceeds.*—The party applying for partition must be entitled to possession or the immediate use of the proceeds after sale before compelling a sale of land for partition, under section 5231, Code 1907.

4. *Same; Possession.*—A reversioner cannot maintain a bill against one holding an outstanding life estate in the entire property, and so entitle to the present and entire use and enjoyment of the land, since the right to partition land depends upon actual or constructive possession of the land in the petition.

5. *Tenancy in Common; Creation; Descent.*—A husband who takes a life estate by virtue of the provision of section 3765, Code 1907, takes it by courtesy, and is not a tenant in common with his children under the provisions of section 3762, Code 1907.

6. *Equity; Pleading; Multifariousness; Partition and Removal of Cloud.*—A bill for partition and removal of cloud from title is not multifarious.

7. *Appeal and Error; Review; Failure to Object in Time.*—Where the appeal is joint and errors are assigned separately and severally

[Fies, et al. v. Rosser.]

before submission and no objection was interposed by appellee to a severance without permission before submission, he cannot subsequently object.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Kate O. Rosser against Eugene Fies and others. Decree for complainant, and respondents appeal. Affirmed in part, and in part reversed and rendered.

The case made by the bill is that Jennie Johns in her lifetime was the owner of certain lands in the county of Jefferson, and that before her death she undertook to execute and deliver deeds for the same to her husband, L. W. Johns, that L. W. Johns undertook to and did execute and deliver a deed to said property to Eugene Fies for the consideration expressed therein, and that said Fies executed to Johns a mortgage for part of the purchase money; that complainant and certain other respondents named therein, other than Fies, are the legal heirs and distributees of Jennie Johns' estate; and that she is dead intestate. The bill alleges the insanity of Jennie Johns at the time of the execution of the deed to L. W. Johns, and that the deed is void for that reason, and that Johns, having no title, conveyed none to Fies, except possibly his life estate in the said land. The prayer of the bill is that the deed from Jennie Johns to L. W. Johns and from L. W. Johns to Eugene Fies, and the mortgage from Fies to Johns, be declared null and void and of no effect and delivered up for cancellation, and that the property described be sold for the purpose of division between complainant and certain of the respondents, who are joint owners. Fies interposed demurrers, setting up that it appeared that L. W. Johns had a life estate in the property described, and that it is not averred that the respondent L. W. Johns joins in the prayer of the bill

of complainant for the sale of the property described for division, or consents thereto, and this court has no jurisdiction to order a sale for division without the consent of the life tenant, or until the life estate falls in. The other respondents filed numerous demurrers, setting up that Kate Rosser is not shown by the bill to be entitled to possession of the property mentioned in the bill, or that she has an estate in possession, and many other grounds not necessary to be set out.

TILLMAN, BRADLEY & MORROW, and FRANK S. WHITE & SONS, for appellant. The appellee not being in possession is not in position to maintain this bill. Equity cannot be predicated upon the alleged execution of the deed by Mrs. Johns while insane, and so the complainant has the legal title.—*Galloway v. Hendon*, 131 Ala. 380; *Wilkerson v. Wilkerson*, 129 Ala. 270; *Dougherty v. Powe*, 127 Ala. 577. The life estate was in L. W. Johns as a tenant by courtesy, and the appellee is not entitled to possession or the immediate use of the proceeds after sale, and hence, may not maintain partition.—*Wilkinson v. Stewart*, 74 Ala. 198; *Gayle v. Johnson*, 80 Ala. 395. There was no tenancy in common between the appellee and appellant.—Freeman on Co-Tenancy and Partition, sec. 431, *Nichols v Nichols*, 67 Am. Dec. 699; *Savage v. Savage*, 20 Am. St. Rep. 795; 30 Cyc. 178; 21 A. & E. Ency. of Law, 1150 (a), and 1155 (g); *Russell v. Beasley*, 72 Ala. 190.

H. C. MEADE, A. D. PERDUE, and F. E. BLACKBURN, for appellee. The appeal being joint and errors having been separately assigned without permission, they should not be considered.—110 Ala. 555, *Rudolph v. Brewer*, 96 Ala. 189. Appellee being the remaindermen and out of possession can maintain this bill by virtue of the

statutes and constitution of the state.—Sec. 3354, Code 1907; Sec. 13, Constitution 1909; *Woodstock I. Co. v. Fullenwider,* 87 Ala. 587; *Lansden v. Bone,* 90 Ala. 446; *Lowery v. Davis,* 90 Ala. 468; *Worthington v. Miller,* 134 Ala. 420; *Mitchell v. Baldwin,* 45 South. 715. Appellee as a remainderman can maintain the bill for partition notwithstanding there is an outstanding life estate. The husband and children of a married woman take and hold real estate of which the mother and wife died seized and possessed as tenants in common.—Sections 3762, and 3765, Code 1907; 16 Cyc. 648; 4 Kent. 198; *McQueen v. Turner,* 91 Ala. 272; *Thompson v. Thompson,* 107 Ala. 163; *Marshall v. Crowe,* 29 Ala. 280; *Goree v. Dickinson,* 98 Ala. 363; Section 5231, Code 1907; *Brown v. Hunter,* 121 Ala. 210. The life estate is such an obstacle or impediment as authorizes removal of the cloud. —*Kelly v. Deegan,* 111 Ala. 156; *Fitts v. Craddock,* 144 Ala. 437. On the above authorities, the bill was not multifarious.

ANDERSON, J.—The bill in this case claims nothing more than a reversionary interest in the property, as it concedes the title of Fies to the life estate of L. W. Johns, the husband of Jennie Johns, which L. W. Johns acquired upon the death of his said wife, and which was conveyed by his warranty to Fies, notwithstanding the deed from Jennie Johns to her husband, the said L. W. Johns, may be void. The bill seeks, however, to cancel said deed from the mother, Jennie Johns, to L. W. Johns, as a cloud upon the reversionary interest, the cancellation of which is essential to the establishment of any interest whatever in the complainant to the land; for, if said deed is valid, Fies acquired an absolute title under his purchase from L. W. Johns.

"The rule is well established that a court of equity will not entertain a bill to remove a cloud from the title to land in favor of a person asserting a legal right when he is not in possession, unless he shows some special equity; that is, some obstacle or impediment which would prevent or embarrass the assertion of his rights at law."—3 Mayfield's Dig. p. 197, § 418. In the case before us the existence of the life estate and the possession of the land by the respondent, holding under a life tenant, is an obstacle or impediment in the way of an assertion by the complainant, as reversioner, of her legal rights, and under the principles above stated the complainant, although out of possession, has a right to maintain a bill in equity to remove a cloud from her title in reversion.—*Mitchell v. Baldwin*, 154 Ala. 346, 45 South. 715; *Lansden v. Bone*, 90 Ala. 446, 8 South. 65.

Section 5231, Code 1907, gives the chancery court jurisdiction to partition by division or to sell for partition, any property, real or personal, held by joint owners or tenants in common, whether the defendant denies the title, or sets up adverse possession or not. This statute, as last amended, was construed in the case of *Brown v. Hunter*, 121 Ala. 210, 25 South. 924, to mean that a complainant need not be in possession in order to maintain a bill for partition. But we do not understand it as holding that she could maintain the bill if she was not entitled to the possession, as it says she must be entitled to share in the distribution, and we think that the complainant must be entitled to possession or the immediate use of the proceeds after the sale in order to compel a sale of the land for partition.

The common-law rule as to partition has been considerably enlarged and extended by our statute and we have many authorities holding that, when the partition is sought by one having the right to compel same, all

interests can be brought in, whether in præsenti or in reversion. We find no case, however, holding that one who has a mere reversionary interest—not right to a present use or enjoyment of the land or of the proceeds of a sale of same—can maintain a bill for partition as against those who are entitled to the present and entire use and enjoyment of same. On the other hand, we find the general rule to be, as laid down by other courts and text-writers, that "a remainderman or reversioner may be made party defendant in an action for partition. He cannot institute the action, at least against others not seized of a like estate in common with them. The right is only given to one having actual or constructive possession of the land sought to be partitioned. A remainderman has neither."—Knapp on Partition, 24; Freeman on Co-Tenancy & Par. § 446, and cases cited in note 1.

In the case of *Tieman v. Baker*, 63 Tex. 641, in discussing who had the right to compel partition, it was said: "When the right to possess the entire property exists in one holding a life estate, if such person has no other estate, no right to partition exists; for it could confer no benefit, as no higher estate can be acquired by partition." This rule has been modified by our statute, only to the extent of permitting partition by one, whether in possession or not, but not so as to authorize one who is not entitled to the present use and enjoyment of the property or the proceeds of a sale to maintain a bill for partition.

In the case at bar, the bill shows that Fies owns the life estate of L. W. Johns in and to the entire property, and that no one else is entitled to the use or enjoyment of same until the termination of said life estate. The complainant, being a mere reversioner and having no right or interest in the present use and enjoyment of

the property, or to the proceeds in case of sale, cannot compel partition as against one holding an outstanding life estate in and to the entire property.

The cases earnestly relied upon by the complainant, in support of her right to a partition, *Fitts v. Crad-dock,* 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53, *McQueen v. Turner,* 91 Ala. 273, 8 South. 863, and *Gayle v. Johnson;* 80 Ala. 395, are not in conflict with the present holding, and are easily distinguished from this case. In the *Fitts Case, supra,* the complainant owned the entire life estate, as well as an undivided half interest in the remainder, and was entitled to a present use and enjoyment of the property, or the proceeds of the sale. In the *McQueen Case, supra,* there was no intervening life estate in and to the entire property to exclude the complainants from the immediate right to the use and enjoyment. There was a life estate in and to an undivided interest of one of the tenants in common, the husband of one of the heirs. The case of *Gayle v. Johnson, supra,* has no application. The partition was sought by the life tenant—one who had a present right to the use and enjoyment of the property.

We do not think that L. W. Johns became a tenant in common with his children, under the terms of section 3762, Code 1907, as he did not take the life estate by descent but got it under section 3765. Should a husband take under subdivision 6, § 3754, then he might take as heir of his wife, but he takes by curtesy under section 3765.

A bill for partition and to remove a cloud from the title is not multifarious.—*Tindal v. Drake,* 51 Ala. 574; *Berry v. Webb,* 77 Ala. 507. But we need not consider the demurrers proceeding upon this theory, as the partition feature of the present bill is in effect eliminated.

[Fies, et al. v. Rosser.]

It it insisted that this case should be affirmed because of the fact that there was a joint appeal, and no summons and severance in the assignment of errors, and that there were no joint demurrers or rulings which affected all of the appellants. It is sufficient to say that errors were assigned separately and severally, and presumably, before the case was submitted, and the appellee should have objected to a severance in the assignment, without permission, before the case was submitted.

As indicated by the opinion of the chancellor, he seems to have proceeded upon the idea that the demurrers all went to the bill as a whole. The last ground, No. 24, assigned all grounds to so much of the bill as sought a partition, and the twentieth ground presents the very question of the complainant's right to partition, because Fies is entitled to a life estate in the entire property.

The chancellor properly overruled the general demurrer for want of equity, as well as those questioning the complainant's right to a cancellation of the deed, and the decree in this respect is affirmed, but erred in overruling the demurrers going to the complainant's right to a partition, and the decree is reversed in this respect, and one is here rendered sustaining same.

Affirmed in part, and reversed, rendered, and remanded.

Dowdell, C. J., and McClellan and Sayre, JJ., concur.