# Letcher v. Allen, *et al.*

### Bill for Partition.

(Decided January 23, 1913. 60 South. 828.)

1. *Partition; Allotting Shares Jointly to Two or More Parties.*— Where the will devised a one-eighth interest in land to a son for life, with remainder to his surviving children, the court had power, in a partition proceedings, to allot the seven-eighths interest of the other owners to them jointly, if they so elected, and it could be so partitioned equitably.

2. *Same; Parties; Remaindermen.*—In an action for partition by parties having a present estate in land and the present possession

[Letcher v. Allen, et al.]

and right of enjoyment, the owners of all interests in the land, whether in praesenti or in reversion, could be brought in.

3. *Judgment: Conclusiveness; Persons Bound.*—Where the will gave an undivided interest in land to a son with remainder to his surviving children, the judgment or decree in an action for partition against such son and his children then living, will be binding upon children subsequently born as they are represented both by the son and by the living children.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Annie Bettie Allen and others against D. C. Allen and his children, William and Marjory, for partition of land. From a decree overruling demurrers to the bill, the minors appeal by their guardian ad litem, J. T. Letcher. Affirmed.

The bill is filed by all the heirs at law of Emily A. Allen against D. C. Allen and his children, seeking to elect and to take their undivided interest, to wit, a seven-eighths interest, as a moiety, and to hold it as such, and to create and set apart to D. C. Allen his one fifty-sixth interest in fee simple jointly with orators, and that the other moiety, representing one-eighth, be set apart to him, the said D. C. Allen, for life, with remainder as mentioned in the will. The bill also seeks to have a decree fixing a charge in favor of orators and against said D. C. Allen for $2,000 advance under the will against such property as may be set apart to represent the undivided one-eighth interest now owned by said D. C. Allen for life, with remainder as described in said will, or such other order or decree made in the premises as would secure or obtain the payment of the said $2,000.

J. T. LETCHER, pro se. The lands cannot be divided into two moieties only as against infant remaindermen. —30 Cyc. 261. The children of D. C. Allen took only a contingent remainder.—Tiedman on Real Property,

section 415; *Smaw v. Young,* 109 Ala. 528. It is submitted therefore that the demurrers show that the bill was without equity and that the decree was erroneous.

WEIL, STAKELY & VARDEMAN, and STEINER, CRUM & WEIL, for appellee. The fact that contingent remainders would prevent partition is without application to this case because the remaindermen of the life tenant as to an eighth interest were in esse and therefore the interest was vested.—*Smaw v. Young,* 109 Ala. 528. Although the provision of section 3401, Code 1907, may change the rule declared in the *Smaw Case,* as indicated in *Lyons v. Bradley,* 168 Ala. 513, it can have no effect here as the testator died before its adoption and her will was probated before that time. The court properly partitioned the land by moieties as it was the wish of the parties.—*Smith v. Gill,* 168 Ala. 317; *Donner v. Quartermas,* 90 Ala. 164; *Gayle v. Johnson,* 80 Ala. 395; 17 N. Y. 133. Children yet to be born are bound because represented by their father and the living remainderman in their class.

ANDERSON, J.—Under the terms of the will of Mrs. Allen, her son, David C. Allen, took a life estate to an undivided one-eighth interest in the land, with a remainder to his children who should survive him; and a court of equity has jurisdiction to partition the land in kind so as to give the said David C. Allen his part, and in which his children have a remainder, and to fasten their title to it and allot to the others, who have a fee, their seven-eighths interest jointly, if they so elect, and it can be so partitioned equitably. "Two or more tenants in common may unite in a bill against another cotenant, and may jointly elect to consider their several moieties as one moiety, and to have it set apart

to them as one undivided fractional share of the whole."
—*Smith v. Hill,* 168 Ala. 317, 52 South. 949; *Donnor
v. Quartermas,* 90 Ala. 164, 8 South. 715, 24 Am. St.
Rep. 778; Freeman on Cotenancy, § 459; 30 Cyc. 240-
261.

The common-law rule as to partition has been con-
siderably enlarged and extended by our statute, and
we have many authorities holding that, when the par-
tition is sought by one having the right to compel
same, all interests can be brought in, whether in præ-
senti or reversion. Of course, a reversioner with no
right of posession, or to the present use and enjoyment,
cannot maintain a bill as against those who are enti-
tled to the present and entire use and enjoyment of
the land. "On the other hand, we find the general rule
to be, as laid down by courts and text-writers, 'that a
remainderman or reversioner' may be made party de-
fendant in an action for partition."—*Fies v. Rosser,*
162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; *Gayle
v. Johnson,* 80 Ala. 395; *McQueen v. Turner,* 91 Ala. 273,
8 South. 863; *Fitts v. Craddock,* 144 Ala. 437, 39
South. 506, 113 Am. St. Rep. 53. The bill in this case
is filed by those who have a present estate in the lands
and the present possession and right of enjoyment,
against their cotenant, D. C. Allen, and his children,
who have a remainder in his interest.

Whether the children of D. C. Allen have a vested
remainder or a contingent one, dependent upon surviv-
ing their father, and that only the survivor will take,
under the influence of *Smaw v. Young,* 109 Ala. 528, 20
South. 370, is a question not necessary to now decide.
The right to proceed in equity against contingent re-
maindermen for partition in kind is discussed and sanc-
tioned, independent of the New York statute, in the
cases of *Mead v. Mitchell,* 17 N. Y. 210, 72 Am. Dec.

[Tribble v. Patton.]

455; *Brevoort v. Brevoort,* 70 N. Y. 136. Contingent remaindermen, or persons to take under an executory devise, who may hereafter come into being, are bound by the judgment or decree as being virtually represented by the parties to the action, and in whom the present estate is vested. So it may be conceded that, under the terms of Mrs. Allen's will, it is possible for future-born children of D. C. Allen to have a contingent remainder in his interest, to become vested upon his death and in case they survive him; but they are virtually represented in the present action, not only by the said D. C. Allen, but by the guardian ad litem of the same class as would be the said unborn children.

Finding no error in the decree of the city court, the same is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.