# Harper *v.* Martin.

### *Partition.*

(Decided October 14, 1915. Rehearing denied November 18, 1915.
69 South. 930.)

*Estoppel; Grantor; Estate Conveyed; Partition.*—Notwithstand-
ing chancery courts have no jurisdiction to partition or sell for divi-
sion any estate as to which none of the parties have any present
interest in use or possession, yet where complainant's interest was
acquired by a warranty deed from the respondent, purporting to
convey a fee simple, the common estate must be regarded conclusively
as an estate in fee simple, and subject to division in like manner as
are such estates; respondent being estopped by her covenants of
warranty from asserting that the common estate is one in remainder
only.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by H. L. Martin against Lillian V. Harper for
partition of land. Decree for complainant, and respond-
ent appeals. Affirmed.

The bill describes by government subdivision 360
acres of land, alleges orator to own an undivided one-
sixth interest and respondent to own an undivided five-
sixths interest, and that the land cannot be equitably

[Harper v. Martin.]

divided or partitioned, and hence the sale was necessary; the facts being set out showing why this is true. The respondent filed a cross-bill, in which she denied the relation of tenancy in common between orator and herself, denying that complainant owned any interest whatever in the land, averring that the land originally belonged to R. F. Harper, now deceased, that he left a last will and testament by which he left the lands to Robert and Julia Harper, share and share alike, during the term of their natural lives, and to the survivor of them in fee simple, after the termination of the life of respondent, who was his wife; that the will was duly probated, and that both Robert and Julia Harper are still living; that the only claim that complainant had to a one-sixth interest in the land is an instrument in writing purporting to be a deed from this respondent to him to an undivided one-sixth interest in said land for the recited consideration of professional services to respondent in litigation concerning the land mentioned in the bill. The bill then denies any employment, and asserts that the deed to complainant is void for that it is without consideration. It is further averred on advice of counsel that the land cannot be divided for partition without the consent of the life tenant until the termination of the life estate. The answer is prayed to be made a cross-bill, and that the deed to complainant be declared null and void and canceled.

M. W. RUSHTON, and W. A. GUNTER, for appellant.

W. W. SANDERS, for appellee.

SOMERVILLE, J.—An examination of the evidence in this case convinces us that there was no fraud, actual or constructive, in the transaction by which the ap-

pellee, Martin, acquired his deed to an undivided one-sixth interest in the land in suit, and we hold with the chancellor that the appellant's cross-bill, impeaching the deed for such fraud, was properly dismissed.

The question of the jurisdiction of the chancery court to sell this land for division is, however, not free from difficulty. The appellant's estate, at the time she sold an interest to the appellee, a fact known to him, was in remainder only, and the original life estate is still outstanding.

It is conceded by the appellee that chancery courts have no authority to partition or sell for distribution any estate as to which none of the parties has any present interest in use or possession.—*Fies v. Rosser,* 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57. But it is insisted for the appellee—the complainant in the bill for sale and division—that his conveyance from the appellant is a warranty deed in fee simple, and that the appellant, as grantor, is effectually estopped by her covenants of warranty from now asserting that the common estate is one in remainder only, and thereby defeating any right of the grantee which would be an incident of an estate in fee simple. This view prevailed with the chancellor.

"A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed; nor can he deny to the deed its full operation and effect as a conveyance."—16 Cyc. 686, B.

The right of partition, in specie or by sale for division, is a valuable right which inheres in the ownership

of the property by tenants in common, except as it may be inhibited by statute in special cases. In the instant case the appellee, according to the solemn covenants of his deed from the appellant, purchased an estate in fee simple from a grantor who owned it in fee simple. He thereby acquired, as one of the valuable incidents of his warranted ownership, the valuable right of partition or sale for division. The grantor so covenanted, and the deed so operated. This being so, we can find no logical escape from the conclusion that in this suit between these parties, involving as it does the assertion of the specific right under the deed, the common estate must be conclusively regarded as an estate in fee simple, and is subject to division in like manner as are such estates.

It results that the decree of the chancellor must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.