(80 South. 41)

SHANNON v. OGLETREE et al. (2 Div. 651.)

(Supreme Court of Alabama. June 30, 1918. Rehearing Denied Nov. 14, 1918.)

**PARTITION** ⊕—12(5) — REMAINDERMEN — HOW PROTECTED.

Tenants in common owning reversionary interest in undivided half of land could not maintain bill for sale for division against the owner of the undivided half interest.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

On motion for rehearing. Rehearing granted.

For former opinion, see 200 Ala. 539, 76 South. 865.

The facts made by the bill are that H. C. Ogletree is the father of William T. Ogletree, who is over the age of 14 years and

under the age of 21 years, Catherine Ogletree, Lillian Ogletree, and Carrie Ogletree, who are under the age of 14 years; that complainants and Pat Shannon are the owners jointly, or tenants in common, of certain lots or parts of lots located in Bibb county, Ala., on which are several houses so built and distributed on said lots that it is impossible to make an equitable division thereof, without a sale; that in January, 1903, by warranty deed J. H. McCoy and wife conveyed the property set out and described to H. C. Ogletree and E. L. Ogletree, said H. C. Ogletree being the guardian in this case, and said E. L. Ogletree being at the time of said conveyance the wife of H. C. Ogletree and the mother of complainant; that in January, 1914, said H. C. and E. L. Ogletree executed a mortgage upon said property to Grover C. Frederick, to secure an indebtedness of H. C. Ogletree to said Frederick (this mortgage is made an exhibit); that, soon after the execution of said mortgage, E. L. Ogletree departed this life intestate, owning at the time of her death an undivided half interest in the property set out in the bill and mortgage, and left surviving her the four minor children who are complainants in this bill, and who became owner in the one-half interest in said property, thus inherited from their mother, but subject to the life estate of their father, H. C. Ogletree. The mortgage to Frederick was transferred by him to Pat Shannon, who afterwards foreclosed the mortgage, and became the purchaser at said foreclosure sale, and obtained a foreclosure deed, and is now claiming a fee-simple title to all of the described property, but that the said H. C. and E. L. Ogletree and these complainants have been in possession of this property ever since the date of the deed executed to them. The bill then sets forth the interest claimed by each of the complainants. The bill was amended further by striking out H. C. Ogletree as his next friend, and by adding him as guardian, and by striking H. C. Ogletree as a party complainant, whereupon said H. C. Ogletree, in open court, waived and relinquished his right to his life estate in said land to his said four children, and offered to make a deed conveying same, and to submit said deed with his evidence, and placed himself entirely in the hands of the court. The prayer was for a sale for division, and to cancel and hold for naught the mortgage in so far as it purports to convey the undivided one-half interest of these complainants, and to annul the foreclosure deed; to decree that Ogletree had part of his life estate, and for general relief. The demurrers raise the points decided in the opinion.

Lavender & Thompson, of Centerville, for appellant.

S. D. & C. D. Logan, of Centerville, and H. K. White, of Birmingham, for appellees.

SOMERVILLE, J. On the original hearing in this cause, it was ruled that the bill for sale for division could be maintained by a reversioner against a life tenant who was also a cotenant in reversion.

This ruling was not in harmony with the case of Fies v. Rosser, 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57, which has been followed in the later cases of Letcher v. Allen, 180 Ala. 254, 60 South. 828, and Jordan v. Walker, 77 South. 838.[1] The court prefers to adhere to the rule declared in those cases, and the result is that the rehearing must be granted, and the judgment of the court below must be reversed, and a judgment here rendered sustaining the demurrer to the bill for want of equity.

Rehearing granted.

All concur.