CHAPMAN v. YORK et al.　(7 Div. 274.)

(Supreme Court of Alabama.　Oct. 26, 1922.)

**1. Partition ⬅12(5)—Reversioner not holding present interest cannot bring partition against owner of life estate.**

A reversioner cannot maintain bill for partition against one holding a present life estate in the entire property, since right to partition depends upon actual or constructive possession and immediate right to participate in the proceeds of sale.

**2. Partition ⬅12(5)—Owner of life estate also holding joint interest in reversion may maintain bill for partition against other reversioners.**

The owner of a life estate also holding a joint interest in the reversion may maintain a bill for partition against the other reversioners.

**3. Partition ⬅46(1), 50—Partition allowable where all interested parties are before court, though bill fails to join parties complainant in approved form.**

Where a partition is sought involving a life estate by partitioner also holding a joint interest in the reversion, the bill should ordinarily be filed by such owner against the other joint reversioners, but, in the absence of demurrer for misjoinder of parties complainant, and all interested parties are before the court, sale and distribution of proceeds can be made.

**4. Wills ⬅617—Will giving testator's property to wife, but also expressing intention property should go to wife and children, held to create life estate in wife.**

A will giving testator's entire property to his wife during her lifetime or widowhood, then expressing the intention that the whole property should go to benefit of wife and children, and thereafter directing equal division among testator's children, held to give wife during her life or widowhood testator's entire property, and not to make wife and children joint owners.

**5. Partition ⬅62—Bill alleging only complainant's reversionary interest held not supported by proof where will of complainant's testate and intermediate conveyance showed complainant also held life estate.**

Bill for partition alleging only complainant's one-sixth interest in reversion held not supported by proof where will of complainant's testate and father gave testate's wife a life estate, which life estate complainant had also acquired by deed from his mother.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by Charles E. York and others against Samantha Chapman to sell lands for division among joint owners. From a decree for complainants, defendant appeals. Reversed and remanded.

The bill in part reads:

"(2) That all the parties to this suit are joint owners and tenants in common of the

---

following described lands, to wit: The southwest quarter of the southwest quarter, the northwest quarter of the southwest quarter, less one acre on the east side; the southeast quarter of the southwest quarter, less 13 acres on the east side; the southwest part of the northeast quarter of the southwest quarter, the southwest part of the southwest quarter of northwest quarter, in section 34, township 4, range 10 east; the southeast quarter of the southeast quarter, less 3 acres in the southwest corner, in section 33, township 4, range 10 east —containing in all 174 acres more or less situated in De Kalb county, Ala.

"(3) That all of said joint owners and tenants in common each own an undivided one-sixth interest therein.

"(4) That said land cannot be fairly and equitably divided by partition in kind, and that same will have to be sold and the proceeds divided in order to make a fair and equitable division of same among said joint owners in common."

The will of F. M. York reads:

"Last will and testament of F. M. York, for the natural love and affection which I have for my wife Rebecca Anne York, during her lifetime or widowhood, I bequeath to her all my possession both real and personal property out of which my indebtedness shall be paid. The intention of this is that the whole of my property both real and personal after my doctor bill and burial expenses is paid shall go to the use and benefit of my wife and children. After my wife's death said property and effects to be equally divided among my children. If the property known as the Boulin mill place cannot be handled or successfully managed it is my will that the same be sold and the proceeds go to the support of the widow and children. * * *"

Baker & Baker, of Ft. Payne, for appellant.

The demurrer, pointing the objection that the description of a part of the land was indefinite, should have been sustained. 185 Ala. 171, 64 South. 430. A decree must conform to and be supported by the pleadings and proof. 21 C. J. 553. Unless complainants and defendants are joint owners and tenants in common, there can be no partition or sale for division. 195 Ala. 560, 70 South. 733; 174 Ala. 438, 57 South. 20; 202 Ala. 219, 80 South. 41; 200 Ala. 191, 75 South. 939; 202 Ala. 622, 81 South. 564.

Isbell & Scott, of Ft. Payne, for appellees.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1-3] This court has repeatedly held that a party who seeks a sale of land for partition must be entitled to possession or the immediate use of the proceeds, and that a reversioner cannot maintain a bill for partition against one holding an outstanding life estate in the entire property and who is entitled to the present use and enjoyment of the land, since the right to partition land depends upon actual or constructive possession of the land and the immediate right to participate in the proceeds of a sale for such purpose. Shannon v. Ogletree, 202 Ala. 219, 80 South. 41; Fies v. Rosser, 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; Letcher v. Allen, 180 Ala. 254, 60 South. 828; Jordan v. Walker, 201 Ala. 248, 77 South. 838. This rule, however, does not obtain against the right of an owner of the life estate and who also has a joint interest in the reversion to maintain such a bill against the other owners of the reversion. Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53, which was explained and differentiated in the case of Fies v. Rosser, supra. Indeed, this case is almost identical with said Fitts Case, the only difference being the extent of the interest of the owner of the life estate in the reversion. There Fitts owned the entire life estate and a one-half interest in the fee. Here Charles York, one of the complainants, owned the entire life interest previously willed to his mother and an undivided one-sixth interest in the reversion. True, the bill should have been more properly filed by Charles York alone against the other joint owners making his cocomplainants parties respondent, but there is no demurrer for misjoinder of parties complainant, and, all interested parties being before the court, the distribution of the proceeds of sale could be properly made.

[4, 5] The bill, however, does not conform to the proof, as it sets out, as the statute requires, the share or interest of each owner, that is, that they own a one-sixth interest each in the reversion while Charles York owns the entire estate left to the widow, that is, for life or during widowhood. The will does not make the wife and children joint owners, as it expressly gives the wife during her life or widowhood all of the testator's property, and, while there is a subsequent expression indicating an intention that the property should go to the use and benefit of his wife and children, this did not confine the wife's interest to only a joint one with the children, as there was a further provision directing an equal division among the children after the death of the wife. On the other hand, if the wife took jointly with the children during her life or widowhood, then Charles York would not have an equal one-sixth interest, as averred in the bill, but would have one-sixth interest in the reversion, and under the deed from his mother would have a one-seventh interest in the estate during her life or widowhood together with his own one-seventh, making two-sevenths in the present estate and one-sixth interest in the reversion. We think, however, under the will and the deed from his mother, Charles York owns the life estate of his mother in all of the land, subject to be defeated by her marriage before her death, and that each of the children named owns an

undivided one-sixth interest in the reversion. This cause must be reversed in order that the bill may be amended so as to conform to the proof.

We also suggest that the description of the land should be more definite. It may be that as to some of the subdivisions it is sufficiently certain by discarding the exception for uncertainty, but "the southwest part of the northeast quarter of the southwest quarter, the southwest part of the southwest quarter of northwest quarter," in section 34, is indefinite and uncertain, and is not aided by an averment sufficient to make it so certain as to inform any one what land is sought to be sold. Welden v. Brown, 185 Ala. 171, 64 South. 430.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.