(99 South. 723)

## CHANDLER et al. v. HOME LOAN CO. et al.
### (6 Div. 946.)

(Supreme Court of Alabama. April 10, 1924.)

**1. Appeal and error ⬉435—Record held to show all parties in interest were before the court.**

In a partition suit by tenants in common, where the certificate shows an appeal under Gen. Acts 1911, p. 589, and citation was accepted by cocomplainant, who united in the appeal, separately assigning error, all parties in interest were before the court.

**2. Equity ⬉325—Averments of bill admitted by answer need not be proved.**

Averments of a bill admitted in the answer need not be proved.

**3. Equity ⬉329—Answer cannot supply jurisdictional averments omitted in bill or inject equity.**

An answer to a bill cannot supply jurisdictional averments omitted or inject equity into a bill having none.

**4. Partition ⬉77(4) — Tenants in common must allege and prove joint ownership and impossibility of division.**

Before property can be partitioned between tenants in common under Gen. Acts 1923, p. 659, complainant must allege and prove (1) joint ownership by the parties, and (2) impossibility of equitable division or partition in kind.

**5. Executors and administrators ⬉439—Administrators of deceased parents necessary parties to suit by children, unless nonexistence of debts is shown.**

In a suit by children as tenants in common to sell and partition the property, the adminis-trators or administrators ad litem of their deceased parents, the former owners, were necessary parties, unless nonexistence of debts is shown.

**6. Partition ⬉46(1)—Decree, only possible where all necessary parties before court.**

Only when all necessary parties are before the court can a final decree granting such relief to either complainant in a partition suit, as justice requires, be rendered.

**7. Equity ⬉392—Denial of rehearing to complainant not proving her contentions not error.**

It is not error to deny a rehearing to a complainant not supporting her contentions by her testimony; testimony being taken ore tenus.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill in equity by Alex Chandler, a minor (by his next friend, Andrew James), and Ollie Jarrett against W. T. Hayden and the Home Loan Company. From a decree denying relief, complainants appeal. Affirmed.

The original bill of complaint in this cause alleged that the petitioners, Alex Chandler and Ollie Jarrett, are the owners and tenants in common of the land described in the bill of complaint; that such petitioners are the only living descendants of Frank Jarrett and Rosa Jarrett, who at the time of their death owned the property which is the subject-matter of this suit, and no other, and owed no debts; that an equitable partition or division of said property is impossible without a sale and a division of the money proceeds derived therefrom; that respondents assumed possession and control of said property about two years ago, collecting rent and profits from said property since such date, amounting to approximately $450.

By amendment it is alleged that, on the 14th day of January, 1914, complainant Ollie Jarrett, and Bessie Jarrett, deceased, execut-ed a mortgage to respondent W. T. Hayden covering the property which is the subject-matter of this suit; that a part of the amount secured by such mortgage was usurious; that this mortgage was foreclosed on the 4th day of March, 1915; that respondent Home Loan Company became the purchaser at said foreclosure sale; that the said Home Loan Company is a company formed by the respondent Hayden for the purpose of buying in foreclosed properties in the county; that such foreclosure deed is duly recorded; that complainant Ollie Jarrett executed a lease sale contract to respondent Home Loan Company, agreeing to pay said respondent 43 payments of $6 each, executing waive notes therefor; that complainant Ollie Jarrett paid these notes; that respondent Home Loan Company collected rent during the pendency of said lease sale contract; and that

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this rent was not credited to complainant Ollie Jarrett; that respondent Home Loan Company has refused and failed to give possession of such premises to complainant, and have refused to refund the rent of the properties collected for said property during their wrongful possession thereof.

The bill as amended prays as follows: That complainants Ollie Jarrett and Alex Chandler be decreed to be the owners and tenants in common of the property herein above described; an accounting for rents and profits; a sale for division; and that "the proceeds derived from said sale be equally and equitably divided between your petitioners as their rights and equities appear together with all rents and profits as aforesaid"; and for redemption. from the mortgage described in the bill of complaint; and for general relief.

The answer of respondent admits the taking of the mortgage; its foreclosure; the executing of foreclosure deed; the executing of lease sale contract thereafter to Ollie Jarrett; sets forth the said lease sale contract showing a provision for forfeiture upon failure to pay for three months; alleges a failure for three months to pay, setting forth the notes which were not paid; denies owing any amount for rents and profits, makes a general denial of the allegations of the bill, except those that are merely formal. There was a prayer that the answer be made a cross-bill, and that title to such property be quieted in respondent but this cross-bill appears from the record never to have been answered, and not to have been insisted upon.

Rudulph & Smith, of Birmingham, for appellants.

Where the averments of the bill are expressly admitted, the complainant is not required to make proof of such averments. Sims, Ch. Pr. § 498; Land Mortgage Co. v. Vinson, 105 Ala. 389, 17 South. 23; Alex Chandler had the right to compel an accounting in equity from the respondents for his portion of the rents and profits. Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 35 South. 50; Stein v. McGrath, 128 Ala. 182, 30 South. 792. If the applicant's remedy was at law, and not in equity, then the court should not have dismissed the bill, but transferred the same to the law side of the court. Acts 1915, p. 830.

Hayden & Hayden, of Birmingham, for appellees.

Before property will be sold for division between tenants in common, it must be alleged and proved that the parties are tenants in common and that the property cannot be quitably divided in kind. Code 1907, § 5222; McEvoy v. Leonard, 89 Ala. 455. 8 South. 40; Kelly v. Deegan, 111 Ala. 156, 20 South. 378. An accounting will not be ordered, where all other equities fail, and where plaintiff is by proof shown not to have any claim for an account due, or where such amount is negligible. 1 C. J. 616; Tecumseh Iron Co. v. Camp, 93 Ala. 572, 9 South. 343.

THOMAS, J. [1] The certificate shows the appeal was taken by the complainants under the provisions of General Acts 1911, p. 589. There was acceptance of citation by cocomplainant Ollie Jarrett, who "unites in this appeal," and separately assigns error. Hence all the parties in interest are before this court. L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900.

[2, 3] Where the averments of the bill are admitted in answer, proof thereof is dispensed with; that is, the whole answer will be looked to by the court for the denials as well as the admissions. Sims Ch. Pr. § 498; Tait v. American, etc., Co., 132 Ala. 193. 31 South. 623; Land Mortg., etc., Co. v. Vinson, 105 Ala. 389, 17 South. 23; Crawford v. Kirksey, 50 Ala. 590, 598; 2 Dan. Ch. Pr. 978. However, an answer to a bill cannot supply jurisdictional averments omitted, or inject equity into a bill which has none on its own allegations.

[4] The bill must contain the requirements of the statute before the property sought to be made the subject thereof will be required to be sold for division among tenants in common. Code 1907, § 5222; Gen. Acts 1923, p. 659. It must therefore be alleged and proven (1) that the parties were joint owners or tenants in common in the lands sought to be sold for division (Code 1907, § 5222; Gen. Acts 1923, p. 659; Wood v. Barnett, 208 Ala. 295, 94 South. 338; Smith v. Duvall, 201 Ala. 425, 78 South. 803; Kelly v. Deegan, 111 Ala. 152, 20 South. 378; Curlee v. Scott, 207 Ala. 478, 93 South. 393; and (2) that the lands cannot be equitably divided or partitioned in kind. Code 1907, § 5222; Gen. Acts 1923, p. 659; McEvoy v. Leonard, 89 Ala. 455, 8 South. 40; Wood v. Barnett, supra; Alexander v. Livingston, 206 Ala. 186, 89 South. 520; Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 68 South. 880, 15 A. L. R. 23; Sandlin v. Sherrill, 201 Ala. 692, 79 South. 264; Parker v. Robertson, 205 Ala. 434, 88 South. 418; Trucks v. Sessions, 189 Ala. 149, 66 South. 79.

[5, 6] It is insisted by appellants that under the pleading and proof it is shown that the property in controversy was owned by Frank and Rosa Jarrett, both of whom had died several years before the bill was filed; that complainant Alexander Chandler is "a son of one of the three children of Frank and Rosa Jarrett, whose parents were dead, and that the defendants have been in the exclusive possession of the property collecting the rent and profits therefrom for a number of years."

The averments in the first paragraph of the bill admitted by the answer are:

"That your petitioner, Alex Chandler, is a minor, 11 years of age, who resides in the city of Birmingham, Ala., and who comes into court and sues by his next friend, Andrew James, said minors [minor's] parents being dead, having no next of kin; that your petitioner, Ollie Jarrett, is a resident citizen of Chicago, Ill., and over the age of 21 years."

It is not averred that the complainant Chandler's mother, Sallie Jarrett Smith, died intestate, or that there was no administration of that estate pending or determined. There is conflict in the evidence as to the paternity of said complainant; and other than the admission in the answer of the averment in the bill, "said minor's parents being dead," the evidence does not show the death of the husband of Sallie Jarrett Smith. There is also confusion or conflict in the evidence as to whether Bessie Jarrett was married at the date the mortgage in question was made; and the evidence does not show that she died intestate. There were no administrators or administrators ad. litem to represent the estates of said decedents as necessary parties (Winsett v. Winsett, 203 Ala. 373, 377, 83 South. 117); there being no averment and proof of the nonexistence of debts, and therefore no necessity for an administration of said estates. The fact of the joint ownership is denied, and the question whether the property cannot be equitably divided or partitioned is not shown otherwise than by inference from the nature and character of the property, it being a tract of land in Jefferson county, Ala., with a three-room house thereon worth about $1,000.

It is true, in a proper case, the court could grant relief to either of complainants in equity, as the justice of the case might require, etc. Teal v. Pleasant Grove Local Union, 200 Ala. 25, 75 South. 335; Smith v. Duvall, 201 Ala. 425, 78 South. 803; King Lbr. Co. v. Spragner, 176 Ala. 564, 58 South. 920. That is to say, only when all necessary parties are before the court to authorize the procedure to such final decree, as to such parties affected by the decree, may the decree be rendered. Winsett v. Winsett, supra; Hodge v. Joy, 207 Ala. 198, 92 South. 171.

We have indicated that the final decree, without prejudice to the rights of Alex Chandler, dismissing the bill was not laid in error.

[7] We find no error as to appellant Ollie Jarrett. She had not sought to support her contention by her testimony. A case should be fully prepared before submission for final decree; a complainant should not speculate on the result, and by motion for rehearing seek to be given opportunity to be again heard. While it would be agreeable to complainant Ollie Jarrett to have modified the decree as to her, yet it would be unjust to respondents to do so. The testimony was taken ore tenus, and the rule obtains in a court of equity. Andrews v. Grey, 199 Ala. 152, 74 South. 62; Ray v. Watkins, 203 Ala. 683, 85 South. 25.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.