## CHAPMAN v. YORK et al.   (7 Div. 528.)

(Supreme Court of Alabama. March 26, 1925.)

**1. Partition ⬅⟲12(5)—Owner of life estate, also holding joint interest in reversion, may maintain bill for partition against other reversioners.**

Owner of life estate, also holding joint interest in reversion, may maintain bill for partition against other reversioners.

**2. Partition ⬅⟲21—Testator's provision for division at death of widow no obstacle to partition, where she conveys to reversioner.**

That testator provided for division at death of widow, who still survives, is no obstacle to partition, where she conveyed her life estate to complainant, who also holds joint interest in reversion, since will created no trust estate, and postponement was for benefit of widow who renounced it.

**3. Partition ⬅⟲46(1)—Sale for partition not decreed, unless all parties in interest before court.**

Sale for partition should not be decreed, unless all parties in interest are before court.

**4. Partition ⬅⟲46(1)—Grantee of joint interest need not be made party to partition, where conveyance occurs after filing of bill.**

Where one of joint reversioners conveyed his interest to trustee for son after another of joint reversioners, who had also acquired life estate, had filed bill for sale for division of proceeds, neither trustee nor son need be made party since such conveyance was subject to pending suit and decree rendered therein.

**5. Partition ⬅⟲83—Limiting inquiry to time prior to filing of bill to which cross-bill for waste was filed erroneous.**

Where to bill for partition brought by one of joint reversioners, who had also acquired life estate, respondents filed answer and cross-bill seeking accounting of complainant for waste in having cut and removed timber, and proof showed much of timber had been sold subsequent to filing of bill, decree, in ordering reference to ascertain value of timber removed, *held* erroneous in limiting inquiry to time prior to filing of bill.

**6. Partition ⬅⟲114(4)—Decree of reference as to solicitor's fee should be limited to services of benefit to common estate.**

Under Code 1923, § 9319, where bill for sale for division was brought by joint reversioner, who had also procured life estate, decree of reference as to solicitor's fee should have been limited to value of services of benefit to common estate and should not have included service for benefit of complainant alone in resisting accounting for waste.

**7. Partition ⬅⟲111(1) — Allowance to complainant for value of life estate only with consent of other joint reversioners.**

Where bill for sale for division was brought by one of joint reversioners, who had purchased life estate, decree in directing register to ascertain value of life estate for payment to complainant *held* erroneous, since this could not be done without consent of others in interest.

**8. Evidence ⬅⟲209—Agreed statement of facts filed in former submission properly admitted.**

Agreed statement of facts filed on previous submission, being unqualified admission of facts made for convenience and to expedite trial and having appearance of being intelligently and deliberately entered into, *held* properly admitted.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Bill in equity by Charles E. York and others against Samantha Chapman and others for sale of lands for division of the proceeds among joint owners or tenants in common. From the decree, Samantha Chapman alone appeals. Reversed and remanded.

Baker & Baker, of Ft. Payne, for appellant.

The agreed statement of facts on former submission was not admissible on this hearing. G. Ober & Sons Co. v. Thompason Gro. Co., 138 Ala. 217, 35 So. 127. There can be no sale for division until the death of widow, holder of the life estate. 21 C. J. 73; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Fies v. Rosser, 162 Ala. 504, 50 So. 287, 136 Am. St. Rep. 57. Where a time for division is fixed by will, the courts cannot appoint a different time. Hill v. Jones, 65 Ala. 214; 30 Cyc. 185; Code 1907, § 3416; Brizendine v. Amer. T. & S. Bank, 211 Ala. 694, 101 So. 618; Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Holt v. Hermann, 185 Ala. 257, 64 So. 431. All necessary parties must be before the court for final decree to be rendered. Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723; Snodgrass v. Snodgrass, ante, p. 74, 101 So. 837. Attorney's fees allowed should be limited to services for the benefit of the whole estate. Graham v. Graham, 207 Ala. 648, 93 So. 660. A decree cannot be supported, unless it conforms to and is supported by the pleadings and proof. 21 C. J. 553, 671.

Isbell & Scott, of Ft. Payne, for appellees.

Brief of counsel did not reach the Reporter.

GARDNER, J. [1] This appeal is from a final decree ordering the real estate described in the bill sold for division among the parties to the suit as tenants in common. It is insisted the demurrer to the bill as amended should have been sustained upon the theory that, although complainant also owned an interest in the reversion, he also owned the entire life estate of his mother, who is still living, and no sale for division could be had. Upon this question we rest content upon the holding of this court on for-

mer appeal in this cause, to the effect that the bill could be maintained. Chapman v. York, 208 Ala. 274, 94 So. 90.

[2] Another objection to the sale, which does not appear to have been previously presented or considered, is that it would contravene the will of the testator, F. M. York (whose will is set out in the report of the case on former appeal), wherein a division is provided for at the death of the widow who still survives. 30 Cyc. 185; Hill v. Jones, 65 Ala. 214; Dee v. Dee, 212 Ill. 338, 72 N. E. 429.

[3] We think it clear the will created no trust estate. Dee v. Dee, supra. The postponement of the date of division was for the benefit of the widow, and she having renounced the benefit and conveyed her interest to complainant, we find no obstacle to a sale for division as prayed. It is of course well recognized that all parties in interest should be before the court before a decree of sale is rendered. Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723.

The bill as amended alleges complainant purchased the life estate of his mother. Complainant testifies, however, that he also bought the interest of the respondent, John York, but that he made the purchase for his mother, and that "it's in her name," to use his language. The point is made in brief of counsel for appellant (but we are not favored with brief from opposing counsel) that this is sufficient to show the mother owns the interest of John York, and that the court should not proceed to decree a sale in the absence of such interest—the mother not being a party to the suit. The point appears well taken for complainant claims only to have acquired the life estate of the mother. We might also add that there is no proof as to an administration of the estate of F. M. York by the executor, whether still pending, or that there were no debts of said estate. Chandler v. Home Loan Co., supra.

[4] John York claims to have conveyed his interest to a trustee for his son, but it appears this conveyance was made after the filing of the original bill. Such being the case, neither the son nor the trustee need be made party to the suit. Such a purchaser takes subject to the pending suit, and is bound by the decree rendered. Griel v. Randolph, 108 Ala. 601, 18 So. 609; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Johnson v. Gartman, 173 Ala. 290, 55 So. 906.

[5] Some of the respondents filed answer and cross-bill seeking an accounting of complainant for waste in having cut and removed valuable timber. The proof shows much of this timber was sold subsequent to the filing of the bill. The decree, in ordering a reference to ascertain the amount and value so cut and removed, limited the scope of the inquiry to the time prior to the filing of the bill. This was error, for in view of the evidence just indicated, the inquiry should also include any waste committed subsequent to the filing of the bill.

[6] We are of the opinion, also, the decree of reference as to solicitor's fee should have been expressly limited to the value of services rendered which were of benefit to the common estate. Graham v. Graham, 207 Ala. 648, 93 So. 660; section 9319, Code 1923. A material part of the services rendered were evidently for the benefit of complainant alone in resisting an accounting for waste, and should form of course no part of the estimate. Bidwell v. Johnson, 191 Ala. 195, 67 So. 985.

[7] In the decree the register was also directed to ascertain the value of the estate acquired by complainant's purchase from his mother. This was alleged to have been a life estate, and the only purpose of such direction would appear to be that the life estate be valued and paid to complainant. But, under the circumstances here disclosed, this could not be done without the consent of the others in interest. This question was considered in Kelly v. Deegan, 111 Ala. 152, 20 So. 378, wherein it was pointed out that:

"The donor intended that on the expiration of the life estate, the entire fee, and no lesser interest should pass to the remainderman, and this intention it is the duty of the courts to preserve and effectuate and not to defeat."

The rule there enunciated for the guidance of the court was expressed in the following language, and here applicable:

"The tenant for life is entitled to the use of the money derived from the compulsory sale on partition with the cotenant of the testator, as she would have been entitled to the use and enjoyment of the land, if on an actual partition land had been allotted. This is the extent of her equity and right, but while awarding it to her, the rights of the remainderman must be protected and preserved. Upon the rule settled in Mason v. Pate, 34 Ala. 379; Chaney v. Chaney, 38 Ala. 35, she should be permitted to receive the money upon the execution of a proper bond payable to the remainderman, with at least two good and sufficient sureties, and with condition that on her death, the money shall be restored to the remainderman, and with the further condition, that if at any time the court may deem a new or additional bond, or further security necessary, such bond or security will be given on the order of the court, or if not given, the money will be restored as the court may order. If the bond be not given, in such reasonable time as the court may prescribe, the court should order the money loaned out by the register, the interest collected annually, and after deducting the taxes and necessary costs, paid to the life tenant."

[8] The agreed statement of facts filed in the cause upon the previous submission was not a limited agreement, but was an unqualified admission of facts made for convenience and to expedite the trial. It has the appearance of having been intelligently and deliberately entered, into, and was properly ad-

mitted upon this submission. Prestwood v. Watson, 111 Ala. 604, 20 So. 600.

Let the decree be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.