(123 So. 48)

## ETHEREDGE v. ETHEREDGE. (8 Div. 106.)

Supreme Court of Alabama. May 30, 1929.

Rehearing Denied June 27, 1929.

G. O. Chenault, of Decatur, for appellant.

Williams & Chenault, of Russellville, for appellee.

BOULDIN, J. ▪▪ In a bill for the sale of lands for division among tenants in common, an averment of the necessity for a sale in general terms, to the effect that the lands cannot be equitably partitioned or divided without a sale for that purpose, is sufficient against demurrer. The special facts and conditions rendering inequitable a partition in kind are matters·of evidence, the burden being on complainant. Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Jernigan v. Gibbs, 206 Ala. 93, 89 So. 196; Wood v. Barnett, 208 Ala. 295, 94 So. 338.

Complainant owns only a life estate in an undivided one-seventh interest; the respondent owns the absolute estate in the lands save this life interest in complainant.

Respondent insists complainant cannot maintain the bill because there is no tenancy in common in the remainder, or, if entitled to partition by sale, it should be limited to the life estate only and leave respondent's remainder in fee undisturbed.

▪▪ It is quite well settled that partition of lands held by tenants in common is matter of right. The one cannot be forced to hold jointly with others, or to pass such title as he has to another subject to joint ownership and user. The statutes looking to sale for division are cumulative, affording a more adequate method of partition where it cannot be equitably partitioned in kind. In such case, a sale for division is matter of right. Chambliss v. Derrick, 216 Ala. 49, 112 So. 330; Kelly v. Deegan, 111 Ala. 152, 156, 20 So. 378.

▪▪ One essential to this right of partition is ownership in complainant of a possessory right—a present right of enjoyment. Hence a remainderman or reversioner only cannot maintain the suit. Chapman v. York, 208 Ala. 275, 94 So. 90; Shannon v. Ogletree, 202 Ala. 219, 80 So. 41; Fies v. Rosser, 162 Ala. 504, 50 So. 287, 136 Am. St. Rep. 57.

▪ There must be a tenancy in common, not a separate ownership of distinct estates in the whole. So a life tenant of the entire property cannot maintain a bill against an-

other owning the remainder in entirety. Kelly v. Deegan, 111 Ala. 152, 20 So. 378.

■ But it must be regarded as fully settled that a life tenant in an undivided interest only may have partition, by sale if need be, although he have no interest in the reversion or remainder. Letcher v. Allen, 180 Ala. 254, 60 So. 828; Gayle v. Johnson, 80 Ala. 395; McQueen v. Turner, 91 Ala. 273, 8 So. 863, and cases heretofore cited.

It is difficult to see why a tenant in common for life should not have sale of the entire lands as against one remainderman, but should have as against several remaindermen, none of whom want a partition. In neither case has the life tenant any interest in the remainder as such.

■ Our cases have gone still further and declared that a life tenant of the whole, having the exclusive and undisturbed use for life, if he be also a tenant in common in the remainder, may have a sale of the whole for division. Fitts v. Craddock, 144 Ala. 437, 39 So. 506, 113 Am. St. Rep. 53; Chapman v. York, 208 Ala. 275, 94 So. 90; Chapman v. York, 212 Ala. 540, 103 So. 567. A much stronger reason obtains if his possessory estate is involved in a joint ownership, user and control. No right is recognized in the remainderman to require a severance of the life estate and a sale thereof for division, leaving the remainderman to come into possession when it falls in.

■ The uncertain tenure of a life estate, the limited use in case of timbered or mineral lands, the loss of improvements made by the life tenant, are handicaps to an advantageous sale of a life estate only. So the rule is to sell the whole, give the life tenant the use of his share of the fund in lieu of the land for his life, under proper bond for the return of the fund to the remainderman when the right of user has terminated, unless by agreement of parties the value of his life interest in the proceeds be ascertained and paid over in absolute right. Kelly v. Deegan, supra; Chapman v. York, supra.

The demurrers to the bill were properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.