ON REHEARING.
FAULKNER, Justice.
The appellees, on rehearing, state in briefs that this court did not consider the issue of whether one of them, Emory Glover Johnson, the owner of an undivided Via interest in a life estate,- could, under his coun *3 terclaim, obtain a sale for division. The reason we did not consider this issue is because it appears from the decree ordering sale for division that it was based upon the petition of the remaindermen rather than on the counterclaim filed by the owner of an undivided V12 life interest. The appel-lees, on rehearing, show that the decree was based on the counterclaim. We now affirm the decree of the trial court.
On April 19, 1926, Jeff D. Jordan executed the following codicil to his last will dated May 15, 1923:
“A CODICIL.
“This is a codicil to my last will and testament bearing date the 15th day of May 1923.
“Since making my original will to which this is a codicil I have acquired Lots 2, 3, 4, 5, 6, and 7 in Block B of the town of Centre, Ala., and it being my desire to dispose of this property separately to the disposition made in my said original will, and without in any way affecting the provisions of my said former will but retaining and preserving all the provisions thereof, and being desirous of making special disposition of said lots together with all the improvements that may exist thereon at my death I make the following disposition thereof. My wife Josie P. Jordan should she survive me, shall have the use, income and profits from said lots and all improvements thereon until her death, subject to this use, I give and bequeath said lots and all improvements thereon to my children H. W. Jordan, H. L. Jordan, W. P. Jordan and Alma Johnson, to have and to hold the use and benefit for and during their natural lives, and after the death of each of my four children above named, I give and bequeath in fee the said lots to the children or descendants of my said four children absolutely.
“The true intent and purpose of this codicil is to give the life estate in said lots and the improvements thereon to my said four children, H. W., H. L., and W. P. Jordan and Alma Johnson with the fee limited over to their children, and in default of any children surviving either of them, the fee shall go to their next of kin at the death of the last of them.
“This codicil shall in no way affect the terms and provisions of my will of May 15th 1923 as aforesaid, but said will and this codicil shall together constitute my last will and testament. In witness whereof, I have hereunto set my hand, this April 19th 1926.
“Jeff D. Jordan.”
After the death of Josie P. Jordan, the widow, H. W. Jordan, son of the testator, died intestate in 1953, survived by four children. Another son of the testator, W. P. Jordan, deeded his interest in the property to his brother, H. L. Jordan, who, in turn, deeded an interest in the property to three other persons. Alma Johnson, the remaining child, conveyed an interest to two persons.
The children of H. W. Jordan filed a petition for sale for division alleging that they were joint tenants with the other owners of the property. Emory Glover Johnson alleging that he owned an undivided life interest counterclaimed, petitioning for a sale by virtue of interest.
While the children of H. W. Jordan as owners of a remainder interest could not maintain an action for sale for division, Emory Glover Johnson, as the owner of an undivided Vi2 life interest in the property, could. Etheredge v. Etheredge, 219 Ala. 660, 123 So. 48 (1929); Duncan v. Johnson, 338 So.2d 1243 (Ala.1976); Hicks v. Hicks, 348 So.2d 1368 (Ala.1977).
We hold that a sale for division pursuant to the counterclaim by Johnson can be maintained. The decree ordering the sale is affirmed.
THE APPLICATION FOR REHEARING IS GRANTED AND THE ORIGINAL OPINION IS WITHDRAWN. AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.