(97 South. 790)

## AMERICAN NAT. INS. CO. v. BROOKS.
### (3 Div. 632.)

(Supreme Court of Alabama. Oct. 11, 1923. Rehearing Denied Nov. 15, 1923.)

**1. Evidence ⬤⟶258(1) — Agent's statements, without other proof of agency, held not admissible against principal.**

Declarations or conduct of one professing to act as the agent of another cannot be received as evidence against the principal, without independent proof of the agent's authority.

**2. Witnesses ⬤⟶406—Policy other than one sued on properly admitted to contradict insurer's testimony that no policy existed.**

Where insurer's evidence was that it had issued no policy on the life of insured, a policy other than that sued on was properly admitted by way of contradiction of its witnesses.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on a policy of insurance by Mary Brooks against the American National Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Arrington & Arrington, of Montgomery, for appellant.

Agency must be established by evidence other than the declarations of the alleged agent. Home Prot. Co. v. Whidden, 103 Ala. 203, 15 South. 567; Postal Tel. Co. v. Lenoir, 107 Ala. 640, 18 South. 266; Martin v. Brown, Shipley Co., 75 Ala. 442; Galbreath v. Cole, 61 Ala. 139; 22 C. J. 376.

Brassell & Brassell, of Montgomery, for appellee.

Where the question of agency rests in parol, and there is other evidence tending to show the fact of agency, declarations of the alleged agent are admissible. Robinson v. Green, 148 Ala. 434, 43 South. 797; Miller-Brent Lbr. Co. v. Stewart, 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149; Thompson v. Atchley, 201 Ala. 398, 78 South. 196; Ala. Power Co. v. Davidson, 206 Ala. 501, 90 South. 915; Am. C. I. P. Co. v. Birmingham Tailoring Co., 206 Ala. 609, 91 South. 484.

GARDNER, J. [1] Appellee was the mother of one Johnnie Roberts Brooks, who died on September 18, 1919, and this suit was brought to recover on a policy of insurance upon the life of her son in the appellant company. The company interposed the defense that no policy of insurance had been issued on the life of Johnnie Roberts Brooks, and this was a sharply contested issue of fact, submitted to the jury for their determination, resulting in a verdict for the plaintiff. From the judgment following, the defendant has prosecuted this appeal.

The plaintiff did not have the policy in her possession, but testifies that she gave this policy, with her receipts and receipt book, to one Mr. Brooks, agent of the defendant company, on Monday following the death of her boy, on Thursday preceding; the agent stating, as she testifies, that he would return the policy in a few days and pay it. This the agent denied. The plaintiff further testified that thereafter some "white gentlemen" came to her house, and insisted that they were superintendents of the American National Insurance Company of Galveston, Tex. They were unknown to the plaintiff. Counsel for plaintiff then asked her the following question: "What did they say?" The defendant objected, upon the ground there had been no independent proof that these parties were the agents of the defendant, and the relation of agency had not been established by any evidence, other than the declaration of the alleged agent. The objection was overruled, and the exception duly reserved. The witness answered the question as follows:

"They said they came out to pay me off, and I told them I was ready, and they said they wanted to tell me how they were going to pay me off, and I says, 'Yes, sir;' and they says, 'We are going to mark up all your policies paid up for ten years, and then you won't have any more trouble;' and I says, 'I didn't make that contract with you gentlemen, and I am not going to accept it, if I don't never get anything.'"

The defendant moved to exclude the foregoing answer on the same ground as addressed to the question, and duly reserved an exception to the action of the court in overruling said motion to exclude. The assignment of error relating to the foregoing ruling presents the important question upon this appeal, and we are of the opinion the court erred in admitting this proof.

"The rule is well settled that the declarations or conduct of one professing to act as the agent of another cannot be received as evidence against the principal without independent proof of his authority." Postal v. Lenoir, 107 Ala. 640, 18 South. 266; Home Prot., etc., Co. v. Whidden, 103 Ala. 203, 15 South. 567; Martin, etc., v. Brown, Shilley & Co., 75 Ala. 442.

Counsel for appellee, in answer to this assignment of error, direct attention to those authorities wherein it is held that where the fact of agency rests in parol, and is a matter of dispute, it is a question of fact to be determined by the jury from the evidence, and that whatever evidence tends to prove the agency is admissible. Robinson & Co. v. Greene, 148 Ala. 434, 43 South. 797; Miller-Brent Lbr. Co. v. Stewart, 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149. But this rule is of no avail to the appellee in the instant case, for the reason there were no facts or circumstances tending in the least to show

agency on the part of those making the foregoing declaration, other than the statement of the alleged agents themselves. Under these circumstances, the authorities above cited demonstrate that the evidence was inadmissible and should have been rejected. We are not prepared to say, after a careful study of this record, that the admission of this proof was without prejudicial effect, and for this reason the judgment must be reversed, and the cause remanded.

[2] We are of the opinion the policy upon the life of Johnnie Roberts Brooks in the sum of $212, purporting to have been issued by the defendant company, was properly admitted in evidence. The testimony for the defendant was to the effect that the company had issued no policy on the life of this boy of any character or in any sum, and in view of the issue of fact presented in this cause we think this policy was properly admitted by way of contradiction of the witnesses for the defendant.

For the error indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.