172 So. 901

## McCARTY v. SKELTON.
### 6 Div. 11.

Supreme Court of Alabama.
March 4, 1937.

Theo. J. Lamar and T. A. Murphree, both of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BROWN, Justice.

This appeal is by the defendant from the judgment of the circuit court entered on the verdict of a jury responding to the second count of the complaint—statutory ejectment—for the recovery of the possession of the E. $\frac{1}{2}$ of the S.E. $\frac{1}{4}$ of sec-

tion 33, township 16, range 6 west, in Jefferson county, Ala., not including certain mineral rights.

This tract was patented to Wesley Prescoat, of Jefferson county, Ala., on the 20th day of·December, 1862, under previous purchase made under the Act of Congress of April 24, 1820 (3 Stat. 566); Prescoat conveyed the lands to Josiah Thompson, July 8, 1858, with general covenants of warranty.

On the 5th day of August, 1862, Josiah Thompson, in consideration of love and affection, and $5 cash in hand paid, executed a deed purporting.to convey to his wife, Mary E. Thompson, a life estate in said lands, with remainder over to his daughter Ophelia C. "and any other children of the said Mary E. by me begotten in equal shares" and "to their heirs and assigns forever," with general covenants of warranty.

Ophelia was the only child born to the said Josiah and Mary E. Thompson. Josiah Thompson died during the war between the States, and Mary E. Thompson died during the year 1913. The plaintiff married Ophelia, in 1881, and she died some four or five years previous to the trial.

Ophelia C. Skelton, the plaintiff's wife, sued Tillman McMillan, in ejectment, in 1915, and on the 16th of November, 1921, recovered a judgment for the possession of said lands, $200 as damages, and the costs. From that judgment McMillan appealed, and on January 4, 1923, the judgment was here affirmed.

On the 11th of December, 1923, a writ of possession was issued on the judgment as affirmed, and on February 12, 1924, as evidenced by the sheriff's return on said writ, the sheriff "executed the same by dispossessing the defendant, Tillman McMillan and putting the plaintiff, Ophelia C. Skelton, thru her agent J. A. Skelton into peaceful possession of the within described premises."

The defendant claims under Tillman McMillan and seeks to establish continuous, open, adverse possession under color of title for more than ten years.

■■ The appellant's first contention is that the deed from Josiah Thompson to his wife and daughter was void under the law of that day—July 8, 1858—and that the court erred in admitting the deed in evidence over the defendant's objection;

that it had "the effect to engender in the mind of the jury the fact that during the lifetime of Mary E. Thompson adverse possession could not run against Ophelia Skelton."

Powe v. McLeod & Co., 76 Ala. 418, is cited to support the contention that said deed is void. The pertinent holding in that case was that "A conveyance of lands by the husband to his wife directly, without the intervention of a third person as trustee, passes to her only an equitable estate, the legal title remaining in the husband as her trustee;" and on his death, the legal title descends to his heirs." Headnote 2.

The deed here under consideration was made to the wife and daughter, and its clear effect was to vest in the wife an equitable estate for life, with the fee and remainder in the daughter. Moreover, the effect of the married woman's law of 1887 (Code 1923, § 8273) on deed previously made by the husband direct to the wife without the intervention of a trustee, the rights of a third person not having intervened, was to unite in the wife the legal and equitable title, giving her a fee-simple title. Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am.St.Rep. 46; Maxwell v. Grace, 85 Ala. 577, 5 So. 319.

■ The appellant's next contention is that the court erred in allowing the plaintiff to testify, over her objection, that he acted as the agent of his wife in accepting the delivery.of possession by the sheriff.

■ It is well-settled, as a general rule, that extrajudicial declarations of an agent are not admissible to prove the fact of agency. American Nat. Ins. Co. v. Brooks, 210 Ala. 317, 97 So. 790; Beitman v. Birmingham Paint & Glass Co., 185 Ala. 313, 64 So. 600; 2 Jones on Ev. (2d Ed.) § 945, p. 1745.

■ However, it has never been doubted that the agent, if otherwise competent, may testify as a witness to the fact of his agency and as to the nature and extent of his authority.

The next contention of the appellant is that the continuity of the possession of Tillman McMillan was not broken by the judgment in the ejectment suit and the writ of possession issued thereon, in the absence of extrinsic evidence that the sheriff physically put said McMillan out

of possession and delivered to Mrs. Skelton, or her agent, some token from the land as symbolic of the delivery of possession. Lankford v. Green, 62 Ala. 314, is cited as supporting this contention. The following utterance taken from the opinion in the cited case clearly differentiates it from the case at bar, to wit: "A judgment in ejectment, or in the statutory action in the nature of ejectment, binds only parties and privies; it is not evidence against strangers, and a party in possession at the time of the commencement of the suit who is not made a defendant, is a stranger to the judgment and cannot be affected by it." The persons in possesion in the cited case were not parties to the suit nor privies of the defendant; hence the proceedings were res inter alios acta as to them.

Here the ejectment suit of Ophelia C. Skelton was against Tillman McMillan, under whom the defendant, appellant here, claims, and the return of the sheriff on the writ of possession imports verity, and on collateral attack is conclusive evidence that he was dispossessed and the possession delivered to the plaintiff in that suit. Dunklin v. Wilson, 64 Ala. 162.

The due execution of the writ of possession had effect to break the continuity of the possession of McMillan, and those under whom he claimed, and this prior possession could not be tacked on to the subsequent possession of McMillan and those under whom the defendant claims to effect a bar to plaintiff's action. Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

The evidence established a paper chain of title into Ophelia C. Skelton, the plaintiff's wife, now deceased, and under the statute plaintiff was entitled to possession during his life. Code 1923, § 7376.

Ten years not having elapsed between the date of the execution of the writ of possession and the commencement of the present suit, the plaintiff was entitled to recover on the established legal title, and was entitled to the affirmative charge. Therefore, if errors were committed in the giving or refusal of special charges, they were clearly without injury.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.