194 So. 501

**HEIDT et al. v. WALLACE.**

**8 Div. 979.**

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Denied March 21, 1940.

Perdue & Miller, of Moulton, for appellants.

H. A. Entrekin, of Cullman, for appellee.

248

ANDERSON, Chief Justice.

This was an action of ejectment by the appellants, then plaintiffs, versus the appellees, then defendants. Defendant then moved to transfer the case under the statute to the equity side of the docket, which said motion was granted. The defendant then filed a bill for the purpose of establishing an equitable title.

It appears that the plaintiffs deraigned title through a deed executed by W. T. Preuit to his wife Adrian Preuit on December the 17th, 1881, and which was recorded December the 22nd, 1881.

The defendant claims title under a tax deed executed September the 2nd, 1897. The deed reciting that the sale was made under a decree made May the 21st, 1894, under which the land was sold as the property of W. T. Preuit, not as the property of his wife who held the record title to same.

As we understand, the present bill of complaint seeks to show that the deed from Preuit to his wife was fraudulent and void and that, even if said deed was not void under the married woman's law then existing, Mrs. Preuit had only an equitable title to the land, the legal title being in the husband, and that therefore the tax was properly assessed against him and sold as his property and not of the wife.

■ This court has repeatedly held that conveyances condemned by Section 8038 of the Code of 1923, and its predecessors, were voidable as to a certain class and were valid and binding between the parties. It is only those who are or may be injured by the fraudulent transaction who can avail themselves of the fraud. It is operative as between the parties and a stranger, who is not a creditor or purchaser, and whose rights have in no way been affected, can not complain. Paulk v. Wolfe, Gillespie & Co., 34 Ala. 541; Yeend, Adm'r v. Weeks et al., 104 Ala. 331, 16 So. 165, 53 Am.St.Rep. 50; Robins, Fry & Co. v. Wooten, 128 Ala. 373, 30 So. 681.

■ It may be true that under the law, as it existed in 1881, when W. T. Preuit conveyed the land to his wife, she acquired only the equitable title, the legal title remaining in the husband as trustee. The Act of 1886–1887, Sections 2341 to 2356 of the Code of 1886, however, changed this and placed the legal title in the wife in the absence of a trustee charged with active duties, and this last statute applied even as to existing conveyances in the absence of intervening rights. McCarty v. Skelton, 233 Ala. 531, 172 So. 901; Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am.St.Rep. 46; Maxwell v. Grace, 85 Ala. 577, 5 So. 319.

The tax deed under which complainant claims title and the decree under which it was made were subsequent to the Act of 1887.

The trial court erred in not sustaining the appellants' demurrer to the bill of complaint and the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.