206 So.2d 607

Barto BROWN, Jr., et al.

v.

Rufus Terrell ANDREWS et al.

3 Div. 255.

Supreme Court of Alabama.

Oct. 5, 1967.

Rehearing Denied Jan. 18, 1968.

Edwin C. Page, Jr., Evergreen, for appellants.

No appearance for appellees.

## PER CURIAM.

Appellants (a partnership) filed their bill of complaint, as amended, in the circuit court of Conecuh County, in equity, to vacate and set aside as fraudulent certain deeds or conveyances. Complainants alleged that the deeds were voluntary and without consideration.

Prayer for relief sought, inter alia, to have the entire acreage (166 acres) decreed to be the land of Rufus Terrell Andrews, and that the same be impressed with a lien and sold for the payment of an existing debt from the said Rufus Terrell Andrews to complainants. Also, complainants prayed for a judgment against said respondent, Rufus Terrell Andrews for the amount of the alleged debt from Andrews to complainants. There were other issues involved in the suit with respect to some personal property. These issues are not pertinent to this appeal.

Complainants contended and alleged, so far as pertinent to the issues here on appeal, that respondents Rufus Terrell Andrews and his wife, Juanita B. Andrews, were grantees in a joint survivorship deed conveying the land here in question. This deed was executed and delivered by one N.

**600**

Allen and his wife. The undisputed consideration for the conveyance was $8,000. An amendatory deed to correct the description of the land was subsequently executed and delivered.

The record and evidence shows that to secure the purchase price of $8,000 both respondents, Rufus T. Andrews and his wife, executed and delivered to grantors Allen and his wife, a mortgage on said lands to secure three promissory notes, each dated June 18, 1960. One note was for $3,000 and the other two were each for $2,500. Each note was signed by Terrell Andrews and Juanita B. Andrews, the respondents.

Each of these notes, with interest, was subsequently paid and the mortgage cancelled. Mr. and Mrs. Andrews executed a mortgage to The Federal Land Bank of New Orleans that embraced the land as security for a loan of $6,500. This loan, with additional money, was used to pay off the purchase money notes and the mortgage to secure these notes.

Subsequently, grantees, Mr. and Mrs. Andrews, conveyed the land to E. Graham Gibbons, who, in turn, reconveyed the land to Mrs. Andrews.

The trial court vacated and set aside the deed to Gibbons and the one from Gibbons to Mrs. Andrews. It did not vacate or disturb the survivorship deed from N. Allen and wife to Mr. and Mrs. Andrews. The court, in its decree, recited that Mrs. Andrews "is entitled to one half (½) undivided interest to said lands as conveyed to her in and by virtue of deeds from N. Allen and wife, Viva Lee Allen, dated June 18, 1960 * * * and by a conveyance from N. Allen and wife, Viva Lee Allen, dated the 21st day of September, 1961 * * *."

The trial court impressed a lien on Rufus Terrell Andrews' one-half interest in the land for the amount of the debt for which judgment was rendered (less certain credits thereon for personal property ordered sold). The lien was made subordinate to the mortgage lien of The Federal Land Bank.

We here note that appellees neither cross-assign errors on the part of the trial court, nor do they appear and defend this appeal.

Appellants contend by Assignment of Error No. 1, and argue, that the trial court erred in ruling that the appellee, Juanita B. Andrews, was entitled to a one-half undivided interest in the lands described, purchased and shown by deed dated June 18, 1960, and recorded in the office of the Judge of Probate of Conecuh County, Alabama, in deed record A-68, at page 468, and deed dated September 21, 1961, and recorded in Deed Record A-72, at page 185.

We cannot accord any merit to this assignment. Appellants introduced in evidence the three promissory notes which Mr. and Mrs. Andrews jointly executed for the consideration of the deeds amounting to $8,000. The notes were the joint and personal obligations of the makers and subjected both to liability for their payment, together with interest and attorney's fee.

The obligation of Mrs. Andrews to pay was a valuable consideration for transfer of one-half interest in the land to her. This valuable consideration was not modified or changed by the subsequent procurement of a loan from The Federal Land Bank to pay the notes in part. The payment of the balance due on the notes, plus interest, by Mr. Andrews and/or Mrs. Andrews did not affect the interest Mrs. Andrews acquired when she and her husband contracted for the land and gave their joint notes, secured by a mortgage, for the purchase price.

Assignments of Error Nos. 2, 3, 7, 8 and 9, which are argued, do not present any rulings of the trial court that is here subject to review. Cash v. Usrey et ux., 278 Ala. 313, 178 So.2d 91(2); Fallaw v. Flowers, 274 Ala. 151, 146 So.2d 306(5);

2A Ala.Dig., Appeal & Error, ☞724(1). The other assignments were not argued and are waived. Supreme Court Rules, rule 9; Cash v. Usrey et ux., supra (1). The mere failure or omission of the trial court to rule or decree is not a ruling that is reviewable on this appeal.

This opinion is not to be understood as authority that one of two grantees in a survivorship deed acquires an undivided one-half interest in the land conveyed by such a deed. In the instant case, the court found that Mrs. Andrews acquired an undivided one-half interest, and, because no party on this appeal is complaining of that finding, we do not consider it.

It is our opinion that the decree should be, and it is, affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.

## ON REHEARING.

PER CURIAM.

We correct our observation in the opinion that "The trial court impressed a lien on Rufus Terrell Andrews' one-half interest in the land * * *." We should have stated that the lien was impressed on the interest of Mr. Andrews in the land without limiting or defining such interest.

We further correct the opinion by withdrawing therefrom the statement that, "The obligation of Mrs. Andrews to pay was a valuable consideration for transfer of one-half interest in the land to her." We substitute therefor the following: "The obligation of Mrs. Andrews to pay was a valuable consideration for the transfer of an interest in the land to her." There is no adjudication in the trial court's decree defining the interest that Mrs. Andrews acquired under the survivorship deeds that were made to her and her husband.

■ The mere expression of an opinion by the trial court that Mrs. Andrews acquired one-half interest in the land lacks actuality as a decree or judgment, and is without probative force. Bronson v. Youngblood, 276 Ala. 14, 158 So.2d 656, 658; Wynn v. McCraney, 156 Ala. 630, 46 So. 854, 858. We will not volunteer to define the interest she acquired, although the case of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565, is pertinent to the subject. Suffice it to say, that Mrs. Andrews purchased and acquired an interest in the land, free of fraud, along with her husband.

■ As to what recourse the appellant has to enforce the lien impressed by the trial court to secure the judgment, less credits, rendered against Mr. Andrews, is not before us. Any procedural observation on our part would be advisory and beyond our authority.

The original opinion is corrected and extended. Application for rehearing is overruled.

LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.