257 So.2d 356

**Barto BROWN, Jr., et al.**

v.

**Rufus Terrell ANDREWS et al.**

**3 Div. 482, 482–X.**

Supreme Court of Alabama.

Jan. 13, 1972.

Edwin C. Page, Jr., Evergreen, for appellants.

Windell C. Owens, Monroeville, for appellees and cross-appellant.

McCALL, Justice.

The appellants, Barto Brown and others, are judgment creditors of the appellee Rufus Terrell Andrews, the husband of the appellee Juanita B. Andrews. The appellants seek to have the court determine and declare the rights, status and other legal relations of the two appellees in a tract of land consisting of some 166 acres and to have it levied upon and sold under execution to satisfy their judgment against Rufus Terrell Andrews.

The appellees are grantees in two deeds executed by N. Allen and wife, Viva Lee Allen, in 1960, conveying to them the real property in question during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple. After these conveyances were made to them, Andrews and his wife executed deeds, in September 1961, conveying the real property described in the Allen deeds to a straw man, who in turn reconveyed a fee simple title to Mrs. Andrews, alone. We are concerned with what effect, if any, these last two conveyances and their subsequently being set aside for fraud had upon the estates of the Andrewses in the land.

In an earlier case between these same parties, Brown v. Andrews, 281 Ala. 598,

206 So.2d 607, the same appellants as here filed a bill to vacate and set aside these two deeds as being fraudulent. The bill in that case sought to have the entire acreage decreed to be Mr. Andrews' land, to be impressed with a lien, and to be sold to satisfy the appellants' existing moneyed claim, for which the appellants prayed also that a judgment be rendered against Andrews for the amount of his indebtedness. The circuit court in equity in that case, held that the two conveyances: (1) from the Andrewses to the straw man, and (2) from the straw man to Mrs. Andrews, were null, void and of no legal effect. The court ordered the two deeds vacated and set aside on the ground they were made to defraud the creditors of Rufus Terrell Andrews. The trial court further rendered a moneyed judgment, including an attorney's fee, in favor of the appellants against Andrews for which, together with all costs expended, the court ordered execution to issue. The court impressed a lien against the interest of Mr. Andrews in the land to secure the indebtedness for which the judgment was rendered. The Supreme Court affirmed the final decree of the trial court in that case, but further held that, there being no adjudication in the trial court's decree, defining the interest that Mrs. Andrews acquired under the survivorship deeds from the Allens, the court would not volunteer to define the interest she acquired, although the court said that the case of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565, is pertinent to the subject. The Supreme Court also affirmed the order of the trial court impressing a lien on the interest of Mr. Andrews in the land without limiting or defining such real property interest.

In the instant case, the trial court decreed that the original deeds from N. Allen and wife, Viva Lee Allen, were the instruments by which the Andrewses hold their interests in the land, and that the language in the case of Bernhard v. Bernhard, supra, is conclusive of the interest of each appellee which the court held to be "an undivided one-half interest in the property

for life, plus the right to own the unencumbered whole if he survives his co-tenant." The trial court further decreed in the instant case that the lien against the interest of Mr. Andrews, fixed by the former decree of the court, was a judgment lien to occupy the same position as any other judgment lien under the laws of the State of Alabama, but inferior to the existing mortgage lien of the Federal Land Bank of New Orleans, and that the appellants here have the right to insist that Mr. Andrews' interest be sold, and that the same should be sold. The trial court expressly stated though that its order should not be interpreted as an attempt to decree that a purchaser at the sale would have any greater right to have said lands partitioned or to occupy the same than Mr. Andrews has.

The *Bernhard* case, supra, which is referred to in the trial court's decree, holds that where the deed, under which the grantees took title to the property, conveyed the same to them as joint tenants with right of survivorship, the court must give effect to the intention of the parties as determined from the language which they use in the deed, and under such language as there used the parties intended to create, and did create, a tenancy in common during the joint lives of the tenants, with the right of survivorship in the survivor of them with each owning an undivided one-half interest in the property for life, plus the right to own the unencumbered whole, if one survives his cotenant, and the court further held:

"* * * We think the language used and our cases indicate that a division may be had during the joint lives only with the consent of all grantees. * * *"

Here the appellants' position seems to be that, by making these fraudulent conveyances, the cross contingent remainders were extinguished. Therefore, they maintain that at an execution sale of Mr. Andrews' interest in the land, freed from the fraudulent conveyances, a purchaser will

acquire an undivided one-half fee simple estate in the land and become a cotenant with Mrs. Andrews.

We are unable to agree with the appellants in their conclusion. Mr. Andrews never at any time owned any more than a life estate, with a contingent remainder in the whole. He conveyed away his interests in the land to the straw man who, in turn, reconveyed the whole fee simple estate to Mrs. Andrews. Our view is that vacating and setting aside the two fraudulent conveyances only made available for levy and sale under execution an estate for the life of Mr. Andrews in an undivided one-half interest. Our reason for so holding is that Tit. 20, § 7, Code of 1940, declares that fraudulent conveyances are void. But this court has held that the conveyance is valid as to all the world, except the creditors of the grantor. First National Bank of Birmingham v. Love, 232 Ala. 327, 337, 167 So. 703. Therefore, as to creditors, the fraudulent conveyance would appear to be voidable and not void. If this be the law, and we deem it is, it is only those who are injured by the fraudulent transaction who can complain. Continental Ins. Co. v. Dotson, 260 Ala. 499, 504, 70 So.2d 796; Heidt v. Wallace, 239 Ala. 246, 194 So. 501; McCurdy v. Kenon, 178 Ala. 345, 59 So. 489.

We think that under the two deeds to the Andrewses from N. Allen and wife, Viva Lee Allen, executed in 1960, each appellee grantee acquired and owned an undivided one-half interest for life in the subject property, and a contingent remainder in the whole. Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565; Owens v. Owens, 281 Ala. 239, 201 So.2d 396; Fretwell v. Fretwell, 283 Ala. 424, 218 So.2d 138; Shrout v. Seale, 287 Ala. 215, 250 So.2d 592. When the court set aside the conveyances as being fraudulent and fixed a judgment lien on the property of the appellee Andrews to secure the judgment debt, the only estate of Mr. Andrews in the real property, that could be subject to levy and sale under execution was and is now that estate in real property which is prescribed in the pertinent part of Tit. 7, § 519, Code of Alabama, 1940, which provides:

"Executions may be levied:

"On real property to which the defendant has a legal title, or a perfect equity, having paid the purchase money, or in which he has a vested legal interest, in possession, reversion, or remainder, whether he has the entire estate, or is entitled to it in common with others."

Contingent remainders are not among the estates in real property that are subject to levy and sale under an execution as provided for in the above statute; therefore, Andrews' contingent remainder, prior to the fraudulent conveyances, could not have been subject to levy and sale under execution, Shrout v. Seale, 287 Ala. 215, 250 So.2d 592; Wright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72; nor could Andrews' contingent remainder have been subject to the judgment lien. Tit. 7, § 585; Shrout v. Seale, supra; Wright v. City of Tuscaloosa, supra. Only Andrews' life estate as a tenant in common with Mrs. Andrews could have been subject to levy and sale under execution, and, the purchaser of that estate will hold, with the other tenant, as tenants in common. Shrout v. Seale, supra.

It follows that since Andrews' contingent remainder could not have been subject to levy and sale under an execution, or subject to the judgment lien, the appellants were not injured by Andrews' conveyance of this contingent remainder and hence, cannot complain about its conveyance. Consequently, the only interest that was set aside and which is subject to levy and sale under execution, is the estate of Mr. Andrews for his life in an undivided one-half of the property.

The status of the title as we determine and hold is that the estate for the life of Mr. Andrews in an undivided one-half interest in the land is subject to sale, and the purchaser will acquire therein an estate

for the life of Mr. Andrews. If Mrs. Andrews survives her husband, she will take the whole property at his death, because she owns all remainder interest in his undivided one-half as a result of the above mentioned conveyances. She also owns an estate in fee simple in the other undivided one-half interest under the same deeds. If Mr. Andrews survives his wife, her estates in the real property will descend and vest according to the laws of descent and distribution, in event she dies intestate, or, to the devisee named in her will, in event she dies testate.

■ Under authority of Shrout v. Seale, supra, and the cases there cited and relied upon, we affirm our holding that a life tenant in a fractional undivided interest is entitled to a sale for division, and that a tenant in common who holds a fractional undivided interest for the life of another has the same rights as a life tenant with respect to a sale for division.

■ In Shrout v. Seale, supra, we said that to have a sale for division there must be a tenancy in common, not a separate ownership of distinct estates in the whole. So a life tenant of the entire property cannot maintain a bill against another owning the remainder in entirety. But a life tenant in an undivided interest only may have partition, by sale if need be, although he have no interest in the reversion or remainder. Letcher v. Allen, 180 Ala. 254, 60 So. 828; Gayle v. Johnston, 80 Ala. 395; McQueen v. Turner, 91 Ala. 273, 8 So. 863; Etheredge v. Etheredge, 219 Ala. 660, 661, 662, 123 So. 48, 49.

■ Cross-error is assigned by the appellees, the first being that the trial court erred in overruling their demurrer to the bill of complaint, and their second, that the court erred in ordering the interest of Rufus Terrell Andrews in the subject real property sold for the satisfaction of the judgment liens. Both assignments are argued together. This argument is to the effect that the questions raised were decided by the former appeal, Brown v. Andrews, 281 Ala. 598, 206 So.2d 607, and therefore are res judicata. While the court in that case held that the Andrewses acquired an interest under the survivorship deeds from N. Allen and wife, Viva Lee Allen, the court expressly said it would not volunteer to define the interest that Mrs. Andrews acquired, although the case of Bernhard v. Bernhard, supra, was pertinent, and the court impressed a lien on Andrews' interest without limiting or defining his interest. Appellants' bill would have us determine and declare the interests of the two appellees which the court did not do in the prior suit. Consequently, the questions are not res judicata. The cross-assignments are without merit.

That portion of the trial court's final decree which states that each appellee holds "an undivided one-half interest in the property for life, plus the right to own the unencumbered whole if he survives his cotenant" is modified so as to conform to the views we have expressed with respect to the interest owned by each of the Andrewses. Otherwise, the final decree of the trial court is affirmed.

Modified and affirmed.

LAWSON, COLEMAN, HARWOOD, and BLOODWORTH, JJ., concur.

HEFLIN, C. J., and MADDOX, J., dissent.

MADDOX, Justice (dissenting).

The majority opinion holds that the conveyance of a contingent remainder, even if made for the purpose of hindering, delaying or defrauding a creditor, cannot be set aside by a creditor, since contingent remainders are not subject to levy and sale under execution. By requiring that the interest

which a debtor holds be a *vested* interest,[1] subject to levy and sale and subject to a judgment lien, the majority has unduly limited the provisions of Title 20, § 7, Code of Alabama 1940, Recomp., 1958, which provides:

> "*All conveyances,* or assignments in writing, or otherwise, of *any estate or interest* in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands; and every bond, or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives and assigns, are void." (Emphasis supplied.)

This Court has said that transactions to defeat creditors are viewed with disfavor and that this statute, which provides that conveyances in writing of any estate or interest in real property which are made with intent to hinder, delay or defraud creditors of their lawful debts are void, should be liberally construed. Taylor v. Peoples Fertilizer Co., 270 Ala. 243, 117 So.2d 180 (1959).

In Galloway v. Shaddix, 197 Ala. 273, 72 So. 617 (1916), the late Justice Mayfield commented on the right of a creditor under our statute. He wrote:

> "The right, however, to set aside a conveyance as fraudulent, does not at all depend upon the amount of complainant's claim or demand against the debtor, or the wrongdoer in tort actions. The abstract right is the same whether the demand be one cent, one dollar, a hundred or a thousand dollars. Neither does the right at all depend upon the value of the property conveyed. No disproportion between the value of the claim or demand, and the value of the property conveyed, affects the absolute right to maintain a bill to set aside the conveyance. This question might go to the propriety, but not to the right, of maintaining such a bill."

The majority holds that since the creditor could not levy upon the contingent remainder interest *at the time* it was conveyed by the debtor, that the creditor is not prejudiced. I must strongly disagree. But for the conveyance by the debtor of his contingent remainder, he could have become possessed of the entire property upon the death of his wife, an event which is certain to occur, and which could occur during the time when the creditor's judgment is still viable and unsatisfied.

The debtor may die first, and the creditor would therefore realize nothing from having the conveyance of the contingent remainder set aside, but the death of the debtor would be the event which removed the contingent remainder interest out of the creditor's reach, not the *fraud* of the debtor.

The debtor's contingent remainder interest must have had some value or the debtor would not have tried to get it out of his

---

1. It is interesting that in Title 7, § 585, it is provided that a lien is fastened "on all property of the defendant, which is subject to levy and sale under execution" and that Title 7, § 519 provides, in part:
   "*Executions may be levied:*
   On real property to which the defendant has a legal title, or a perfect equity, having paid the purchase money, or in which he has a *vested* legal interest; in possession, reversion, or remainder, whether he has the entire estate, or is entitled to it in common with others." (Emphasis supplied.)

   That the Legislature distinguishes between a vested and a contingent interest is shown by the provision of Title 47, § 140:
   "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen."

**118**

hands. If his contingent remainder interest did not have value, why does he object to having his conveyance of it set aside? The answer is obvious. As the matter now stands, no matter when his wife dies, he will *never* get the entire property. That was, no doubt, very important to him, because the trial court found that the conveyance of his interest was made with the intent to hinder, delay or defraud his creditor. I regret this Court gives legal approval to his scheme.

The majority opinion, in effect, holds that a fraudulent conveyance cannot be made of property which is not, subject to execution. This reasoning is not sound, in my judgment. For instance, "things in action" are expressly excepted from "personal property of the defendant" on which executions may be levied under Title 7, § 519, but a fraudulent transfer of a "chose in action" may be set aside. Hall & Farley v. Ala. Term & Imp. Co., 143 Ala. 464, 39 So. 285 (1904).

Admittedly, a contingent remainder is not subject to levy and sale. Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971). In Shrout, however, there was no proceeding to have the conveyance from the debtor to his wife set aside. I would leave *Shrout* where it is, standing for the proposition that an execution cannot be levied upon a contingent remainder. To tie our fraudulent conveyance statute together with our execution and judgment lien statutes is improper.

Unfortunately, there is a scarcity of authority from other jurisdictions on the question of the right of a creditor to set aside a fraudulent conveyance of a contingent remainder. Most of the authority which does exist appears to support the interpretation which I would give to our fraudulent conveyance statute.

In 37 C.J.S. Fraudulent Conveyances § 11, p. 858, it is said:

"Interests and estates which have been held within statutes against fraudulent conveyances include a contingent remainder, a leasehold, an estate in expectancy, although there is authority, to the contrary on this point, a husband's equity in a joint tenancy, and a husband's portion of an estate by the entirety, to the extent of the purchase price paid by him where such estate was created in fraud of creditors."

See also, Read v. Mosby, 87 Tenn. 759, 11 S.W. 940 (1889), where it was held that a conveyance by an insolvent debtor, for a consideration of love and affection, of his *expectancy* in his living father's estate, would not be upheld in equity against creditors who were such either at the date of the conveyance or at the date of the father's death.

For the foregoing reasons, I respectfully dissent.

HEFLIN, C. J., concurs.