265 So.2d 121

**Joe R. AWBREY**

v.

**Willodean F. DUVALL.**

**8 Div. 446.**

Supreme Court of Alabama.

June 8, 1972.

Rehearing Denied Aug. 10, 1972.

Cloud, Berry, Ables, Blanton & Tatum, and Dan W. McCoy, Huntsville, for appellee.

Virgil M. Smith, Gadsden, for appellant.

MERRILL, Justice.

This appeal is from a decree denying a prayer for the sale of a house and lot for division among the joint owners. Appellant Awbrey, who had purchased an undivided one-half interest in the property at a bankruptcy sale, was the complainant below and Mrs. Willodean Duvall, who originally

owned the other half interest, was the respondent.

We quote pertinent parts of the decree to show the facts:

"This cause was set for trial by jury on July 12, 1971, and the parties, then, agreeing for the Court to hear the evidence in the case ore tenus, without the intervention of a jury or the advice and assistance of a jury, and the Court having heard the evidence ore tenus, and the evidence in the case being without any substantial dispute; the Court proceeds to make its findings and conclusions in the case. The evidence in the case is that the respondent, Willodean F. Duvall, and her husband owned certain property jointly with right of survivorship, or as tenants in common with right of survivorship, and that the husband became insolvent and resorted to voluntary bankruptcy proceedings. That shortly before the bankruptcy proceedings the husband, together with his wife, conveyed subject property to the wife or the respondent, Willodean F. Duvall, alone. The Bankruptcy Court, then, did proceed to set the deed aside, which had the effect of conveying the husband's interest to her. There is no evidence that at any time the respondent attempted to part with or convey any interest that she had in the subject property. The proceedings to set aside the deed was before the Referee in Bankruptcy and in his decree he limited himself to setting aside the deed and declaring the same to be void and of no effect. The trustee, in making the actual conveyance, attempted to define the interest of the husband as a one-half undivided interest, and the actions of the trustee in and about conveying the property were approved and confirmed by the Referee in Bankruptcy. The Court further notes that the complainant in his answer asked for general relief, as well as special relief, the special relief being sought being a sale of subject property and a division of the proceeds, and the prayer for general relief being in the usual form.

"The Court is of the opinion that the decisions of the Supreme Court of Alabama in Bernhard vs. Bernhard, 278 Ala. 240, 177 So.2d 565 and in Brown vs. Andrews, 281 Ala. 598, 206 So.2d 607 are controlling and our construction of those cases is that the complainant is not entitled to have the property sold for division due to the condition of the title thereof; the Court, however, is not of the opinion that the complainant is helpless and without legal remedy. The Court further construes that the deed which the complainant received from the Trustee in Bankruptcy as conveying to him all the interest of the bankrupt, and in the opinion of the Court the complainant is entitled to share in the possession, use, enjoyment, management and control of the subject property, so long as the respondent and her husband are both alive or until the parties are able to agree on a sale of the property, and that the complainant is entitled to share in the rents and profits therefrom, and that, if the husband survives the respondent, complainant will, then, become the sole owner thereof, and that if the parties cannot, by agreement, manage, control, use and enjoy said property in the opinion of the Court either would be entitled to have a receiver appointed to manage the same, which receiver would, of course, be under the supervision of the Court. The Court is further of the opinion and finds from the evidence in this case that it would be impossible for these parties in a peaceful and meaningful way to jointly manage subject property and that they could not in a peaceful manner enjoy the use, possession and control or divide the rents and profits therefrom in an appropriate and business like manner; and all the matters herein being fully understood by the Court, it is CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court as follows:

"1. That complainant's prayer for relief to sell subject property for division, * * *

"is denied.

"2. That upon either party applying therefor the Court will appoint a receiver

to manage said property, for the mutual benefit of the parties.

"3. That any relief as to attorney's fees by either party is denied, and all court costs herein accrued are taxed one-half to each of the parties."

The two cases cited in the trial court's opinion are authority for the proposition that where a husband and wife acquire property under a deed providing that they hold it as joint tenants with right of survivorship, the property cannot be sold for division over the objection of a spouse.

We are not here concerned with any collateral attack on the bankruptcy proceedings or the result therein. The Bankruptcy Court sold an undivided one-half interest of the husband, Johnny Ray Duvall, in the property, subject to inchoate dower and unpaid taxes, to appellant Awbrey, who was a stranger to the bankruptcy proceedings. There is no dispute as to the material facts and the legal question is whether appellant can, under the circumstances of this case, maintain a suit for sale for division between himself and Mrs. Duvall.

We assume that the trial court took the language of Tit. 20, § 7, Code 1940, literally where it states that all conveyances made with the intent to hinder, delay or defraud creditors "are void," and since the Bankruptcy Court declared the deed from Johnny Ray Duvall to his wife, Willodean Duvall, to be void because it was a fraudulent conveyance, the deed became a nullity.

But in First National Bank of Birmingham v. Love, 232 Ala. 327, 167 So. 703, this court said:

"Section 8038, Code, (now Tit. 20, § 7) declares that such conveyances are void. But this court has held that the conveyance is valid as to all the world except the creditors of the grantor. * * * As to creditors, the conveyance is voidable and not void. * * *"

See also, Willingham v. Lankford, 257 Ala. 595, 60 So.2d 387; McCurdy v. Kenon, 178 Ala. 345, 59 So. 489.

We think the recent cases of Shrout v. Seale, 287 Ala. 215, 250 So.2d 592, and Brown v. Andrews, 288 Ala. 111, 257 So.2d 356, are dispositive of the questions raised in the instant case. The chief difference in *Shrout* and the instant case is that there, the husband deeded his interest to his wife while a recorded unsatisfied judgment was outstanding, while here, the Bankruptcy Court set aside the conveyance because it found that the deed had been given to hinder, delay or defraud creditors. We do not think this is a distinguishing difference in the ultimate outcome of the two cases. We paraphrase two paragraphs in Shrout v. Seale, supra, substituting the names of the parties in the instant case for those in that case.

The status of the title under the facts developed in the instant case appears to be that appellant Awbrey holds an undivided half interest in the property for the life of Johnny Ray Duvall, and that Willodean Duvall holds the other undivided half interest for the life of Johnny Ray Duvall and a vested remainder in the whole. The particular estate held by Awbrey will terminate at the death of Johnny Ray Duvall, a necessary event. There is no contingent remainder.

Johnny Ray Duvall has conveyed or released his contingent remainder to Willodean. If she survives him, she will take the whole property at his death under the terms of the original deed to them. If he survives her, her heirs will take the whole property at his death, an event which is certain to occur. There is no longer any contingent remainder held by anyone. In effect, Willodean Duvall owns the entire property, subject only to Awbrey's estate in an undivided half interest for the life of Johnny Ray Duvall.

In Brown v. Andrews, 288 Ala. 111, 257 So.2d 356[5], these principles are restated

and the same result is reached, and after a full discussion of the setting aside of two deeds as fraudulent conveyances as to creditors, this court said:

"It follows that since Andrews' contingent remainder could not have been subject to levy and sale under an execution, or subject to the judgment lien, the appellants were not injured by Andrews' conveyance of this contingent remainder and hence, cannot complain about its conveyance. Consequently, the only interest that was set aside and which is subject to levy and sale under execution, is the estate of Mr. Andrews for his life in an undivided one-half of the property."

The only remaining question is whether the trial court erred in refusing to order a sale for division when both sides agreed that it could not be equitably partitioned in kind.

In Shrout v. Seale, supra, it was said:

"Under the three authorities last cited, a life tenant in a fractional undivided interest is entitled to a sale for division. We hold that a tenant who holds a fractional undivided interest for the life of another has the same rights as a life tenant with respect to a sale for division. It follows that complainant is entitled to a sale for division and the decree sustaining the demurrers to her bill of complaint is in error."

Awbrey owns a fractional undivided interest for the life of Johnny Ray Duvall and was, under the cited authority, entitled to maintain his bill for sale for division.

It follows that the trial court was in error in denying the prayer for sale for division, and we further note that the statement in the opinion "and that, if the husband survives the respondent, (his wife) complainant (Awbrey) will, then, become the sole owner thereof," was erroneous because there was no contingent remainder in the husband for Awbrey to buy at the bankruptcy sale.

We are not to be understood as holding that the property must be sold for division. It should if appellant insists, but it may be that since there is a clearer definition of Awbrey's interest, it would be more beneficial to both parties for the property to be managed by a receiver. As to that, we express no opinion, merely holding that under both *Shrout* and *Brown*, there may be a sale for division.

Appellee insists in brief that Brown v. Andrews, 281 Ala. 599, 206 So.2d 607, is controlling. We do not think that case is apt authority because on rehearing, this court deliberately refused to limit or define the interest of the husband. But *Brown* came back to this court and the interests of the parties were declared and defined, and the issues in the instant case are mostly the same as in Brown v. Andrews, 288 Ala. 111, 257 So.2d 356, in that the original suit sought to set aside two deeds as fraudulent and to sell the lands for division. The *Brown* case cites Shrout v. Seale with approval.

We think *Shrout* and *Brown* are controlling here and based upon those authorities, the judgment of the circuit court is reversed and the cause is remanded. It is only fair to note that the circuit court entered the decree on August 25, 1971, and therefore, did not have access to *Brown*, decided January 13, 1972, and probably did not see *Shrout* because the application for rehearing was denied shortly before the decree in the instant case was entered.

Reversed and remanded.

COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J., and MADDOX, J., dissent.

MADDOX, Justice (dissenting).

I adhere to the views I expressed in Brown v. Andrews, 288 Ala. 111, 257 So.2d 356.

The contingent remainder interest was *an interest* which was conveyed for the purpose of hindering, delaying or defrauding creditors and I think Title 20, § 7, Code, states such a conveyance is void. I also think this *interest* had some value. Until the Legislature has an opportunity to express itself in view of the interpretation given Title 20, § 7 by Brown v. Andrews, I must respectfully dissent.

HEFLIN, C. J., concurs in dissent.