This is an appeal by plaintiff Bank of Lexington from an order of the trial court granting the defendant's motion to quash execution upon any fee simple interest in the property of C.H. Jones, Jr., sought to be levied upon in satisfaction of a judgment of the Bank against Jones. We reverse.
This action was brought by the Bank of Lexington to recover on a promissory note cosigned by defendant C.H. Jones, Jr. The note was made to obtain a loan to be used by the son of C.H. Jones, Jr. to purchase certain farm equipment. The son ultimately filed a Chapter Seven bankruptcy petition, but only after his parents, C.H. Jones, Jr., and Peggy Joan Jones, had conveyed all of their jointly owned real estate to Peggy Joan Jones alone.
The Bank of Lexington obtained a deficiency judgment against C.H. Jones, Jr., based upon the note, in the aggregate amount of $34,765.81. The Bank attacked the conveyance prior to the son's bankruptcy as an attempted fraud on the creditors of C.H. Jones, Jr., and a consent judgment was entered against C.H. Jones, Jr., and his wife setting the conveyance aside.
The tracts of land covered by this fraudulent conveyance had been originally acquired in the period from 1952 to 1962 by defendants as tenants in common. In 1968 the property was deeded by defendants back to themselves through a corrective survivorship deed that created a joint tenancy with right of survivorship in defendants.
The trial court, after setting aside the fraudulent conveyance, turned to the determination of what real property was subject to execution, levy and sale to satisfy, to the extent possible, the Bank's debt. The trial court found that because the joint tenancy was created after this court's decision in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565
(1965), and prior to the decision in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), the plaintiff's writ of execution on the subject property must be limited to a one-half undivided life estate. The Bank of Lexington argues that it should be allowed to execute on a one-half interest in fee simple. Under the facts of this case we agree.
The deed which created the joint tenancy in the instant case was drafted in 1968 and therefore falls squarely within those decisions of this court previously mentioned which define the nature of joint tenancy in Alabama. Therefore, only by consent of all joint tenants could the joint tenancy of C.H. Jones, Jr., and his wife be destroyed. Bernhard, supra.
The fraudulent conveyance statute states:
 "All conveyances or assignments in writing, or otherwise, of any estate or interest in real or personal property and every charge upon the same made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful actions, damages, forfeitures, debts, or demands, and every bond, or other evidence of debt given, action commenced or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed or defrauded, their heirs, personal representatives and assigns are void." (Emphasis supplied.)
§ 8-9-6, Code 1975. It is well settled that a fraudulent conveyance is valid as to all the world except creditors of the grantor, notwithstanding the statute itself declaring that such conveyances are void. J.C. Jacobs Banking Co. v. Campbell,406 So.2d 834 (Ala. 1981); Brown v. Andrews, 288 Ala. 111,257 So.2d 356 (1972). However, under the facts of this case, statutory authority to void such a conveyance is of little benefit to creditors and fails to penalize the debtor for his fraud if the joint tenancy *Page 786 
limits execution, levy and sale to a one-half undivided life estate.
This court will not insulate defendants from penalty for their fraud. We will not merely restore the status quo if doing so condones the fraudulent activity § 8-9-6 was designed to prevent. When this court decided Jackson v. Fillmore,367 So.2d 948 (Ala. 1979), giving Nunn v. Keith prospective application and allowing Bernhard v. Bernhard to operate over the interim period prior to Nunn, we did not intend to create a safe harbor for fraudulent conveyance practices. Nor did this court intend to allow those holding under an indestructible joint tenancy to convey "any estate or interest" with the "intend to hinder, delay, or defraud creditors" and not be subject to penalty.
To limit the Bank of Lexington to a one-half undivided life estate would be to deny it the very protections which our fraudulent conveyance statute was meant to provide. The inequities of this approach are expressed by Justice Maddox in his dissent in Brown v. Andrews, 288 Ala. 111, 257 So.2d 356
(1972):
 "The majority opinion holds that the conveyance of a contingent remainder, even if made for the purpose of hindering, delaying or defrauding a creditor, cannot be set aside by a creditor, since contingent remainders are not subject to levy and sale under execution. By requiring that the interest which a debtor holds be a vested interest, subject to levy and sale and subject to a judgment lien, the majority has unduly limited the provisions of Title 20, § 7, Code of Alabama 1940, Recomp. 1958. . . .
". . . .
 "This Court has said that transactions to defeat creditors are viewed with disfavor and that this statute, which provides that conveyances in writing of any estate or interest in real property which are made with intent to hinder, delay or defraud creditors of their lawful debts are void, should be liberally construed. Taylor v. Peoples Fertilizer Co., 270 Ala. 243, 117 So.2d 180 (1959)."
288 Ala. at 116-117, 257 So.2d at 360-361.
In essence, limiting the interest subject to levy by the Bank to a life estate places the judgment creditor in the position sometimes described as "heads I win, tails you lose."
The inequities which would result and the dictates of conscience demand relief be afforded the Bank under the facts of this case and in light of § 8-9-6, Code 1975. When a joint tenant participates in activity to defraud his creditor he may not, upon being discovered, turn and rely on Bernhard to shelter, from execution, levy and sale, the very same property he has made the subject of his fraud. The equities are all the more clear in this case where both joint tenants made the fraudulent conveyance.
Upon execution, levy and sale, C.H. Jones, Jr., and Peggy Joan Jones, under an estoppel theory cannot assert, as a defense, that title was restored jointly with right of survivorship with a contingent remainder interest in each. Therefore, execution, levy and sale cannot be limited to a one-half undivided life estate.
For the reasons stated, the judgment below is reversed and this action remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON, SHORES and BEATTY, JJ., dissent.