HOUSTON, Justice.
This is an administratrix’s action seeking to impose a constructive trust on certain real property that the administratrix’s intestate allegedly fraudulently conveyed to two of the intestate’s daughters. In the complaint it is alleged that in anticipation of a divorce the intestate (Jessie Howard) transferred the property “so that the divorce court would not consider said property in the divorce settlement.” It is further alleged that the “transfers were without consideration and were made with fraudulent intent and are thereby void at law.” The case was heard without a jury. The trial judge found that the administratrix was “not entitled to the relief prayed for and has failed to meet the necessary proof to declare that a constructive trust existed in favor of the estate of” the intestate “with regards to the three parcels of real estate set out in the complaint.” We affirm.
After one Estelle Howard filed a complaint seeking a declaration that she was the common law wife of Jessie Howard, Jessie Howard conveyed two parcels of real estate to his daughters, Gail Howard Bush and Linda Howard Ellis, who are the defendants herein. This conveyance was recorded, and there is other evidence of delivery of the deed by Howard to his daughters. After an adjudication that Jessie Howard and Estelle Howard were common law husband and wife, Jessie Howard conveyed another parcel of real estate to de *1355 fendant Ellis. This deed was recorded, and there is other evidence of delivery of this deed by Howard to Mrs. Ellis. Jessie Howard filed for a divorce. By the terms of an amended decree, upon the payment to her of $11,000, Estelle Howard was divested “of all right, title and interest she may have in any real property in which” Jessie Howard “may hold an interest or to which” Jessie Howard “may have previously held an interest^] including” the three parcels now in dispute. Estelle Howard is not a party to this action, and from the record before us it is apparent that Estelle Howard was paid the $11,000. The divorce became final in February 1980. Jessie Howard died in September 1985. There are no rights of creditors or rights of the “defrauded” parties involved.
The first question that must be addressed is: Can an administratrix impose a constructive trust on property that her intestate fraudulently conveyed, because of her intestate’s fraud? The answer is no.
In Davis v. Swanson, 54 Ala. 277 (1875), this court held:
“A voluntary conveyance, or a conveyance made with the intent to hinder, delay and defraud creditors, can be avoided only by creditors and purchasers. As between the parties, their personal representatives and heirs, such conveyances are valid. An executor or administrator is the representative of the testator or intestate, succeeding to his rights, and of consequence capable of maintaining only such suits as he could maintain. ... A voluntary conveyance, or a conveyance made with the intent denounced by the statute of frauds, binding the intestate is equally obligatory on his personal representative.”
This principle was reiterated by this Court in Trotter v. Brown, 232 Ala. 147, 167 So. 310 (1936); and in Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972).
In 37 Am.Jur.2d Fraudulent Conveyances, § 148, (1968) at 821, the following appears:
“In the absence of statutory authorization therefor, it is generally held that the personal representative of a decedent’s estate may not sue to set aside, as a fraudulent conveyance, a transfer by the decedent, the reasoning of the courts being that such a conveyance is good as against the transferor and that the executor or administrator simply represents the decedent.”
Even though § 8-9-6, Code of Alabama 1975, declares that fraudulent conveyances are void, this court has consistently held that such a conveyance is valid as to all the world except the creditors of the grantor and that only those injured by the fraudulent transaction can complain. Brown v. Andrews, supra.
If the conveyances involved in this action are voided, the heirs at law of the defrauding party would receive an intestate share of this property. This is not a sufficient injury to allow such heirs to complain. No one has a right, vested, inchoate, or otherwise, in a share of an intestate’s estate until the death of the intestate. Robertson v. Robertson, 147 Ala. 311, 40 So. 104 (1905).
The administratrix had no standing to bring this action.
The administratrix complains of adverse evidentiary rulings relating to the dead man’s statute, Code 1975, § 12-21-163. If the solicited testimony had been admitted, it would only have established Jessie Howard’s fraud, and proof of the fraud would only have strengthened the trial court’s finding that Jessie Howard’s administratrix was not entitled to the relief prayed for. The burden is on the administratrix, as an appellant, not only to establish error but to show that she was prejudiced by it. Abbott v. Allstate Insurance Co., 507 So.2d 905 (Ala.1987). The administratrix has not sustained that burden in this case.
AFFIRMED.
MADDOX, ALMON, BEATTY and ADAMS, JJ., concur.